Parsons, C. J.
Upon looking into this case, it is extremely clear that the action cannot be maintained, unless upon the implied assumpsit of the defendant; for it is not pretended that there was any ex press promise by him to pay for keeping the horse. And we are satisfied that from the facts reported by the judge, the law will not imply an assumpsit.
As the law will not imply a promise, where there was an express promise, so the law will not imply a promise of any person against his own express declaration ; because such declaration is repugnant to any implication of a promise. In this case the horse was placed ' in the custody of the plaintiff by the defendant, declaring that he had returned to the plaintiff his own horse; and when the plaintiff said, that the defendant had sent his horse to be kept, the defendant, by his agent, said, “ No, he has sent you your horse, and he will have nothing further to do with him.” This declaration of the defendant is directly repugnant to the implied promise supposed, and the law will not therefore imply it. In ' this [ *110 ] * opinion our brother Barker, before whom the cause was tried, upon consideration of the case, fully concurs.
It was imprudent in the plaintiff to take the horse, if he was determined to hold the defendant to his bargain. Perhaps he might think the defendant’s right to rescind doubtful, and might choose to keep the horse until that question was decided ; and if it should be *93 decided against him, then he would be keeping his own horse; otherwise he might attempt to charge the defendant. On this view the plaintiff must fail; for whether the defendant impliedly promised or not, at the return of the horse, could not depend on a subsequent event. He must have impliedly promised when the horse was returned, or never after. Such a contingent agreement might have been expressly made by the defendant, but cannot be implied.

The verdict must be set aside, and a new trial granted.