SCHUREMAN and others *against* CAVE WITHERS.

Where a common carrier transports property against the express orders of
the owner, it is a gratuitous act, and he cannot recover a compensation
for it; and a receipt of the property, by the owner, will not alter the case.
If a common carrier demand compensation on a *quantum meruit,* the owner
may show, in bar of such compensation, that the goods were damaged, in
the transportation, to an amount exceeding that of a fair rate for the safe
carriage. The jury may allow interest on freight, after a demand.

ASSUMPSIT for the freight of a quantity of flour trans-
ported by the plaintiffs, as common carriers, for the defend-
ant, from Lamberton, in the state of New Jersey, to the
city of New York.

Plea, the general issue, with special notice that the flour
had been damaged in the transportation, by the negligence
of the plaintiffs. The plaintiffs having proved the trans-
portation of the flour in controversy, by the Raritan and
Delaware line of wagons, of which they were the proprie-
tors, the delivery of it to the defendant in the city of New
York, and the current rate of freight at the time, rested
their case.

*Emmet,* for the defendant, then offered to prove that the
plaintiffs had, previous to the transportation of the flour in
controversy, transported other flour for the defendant in
the same line, which was delivered to him in New York in
a very damaged condition, and that he thereupon told the
plaintiffs expressly, that they should not carry any more
flour for him. That, with regard to the parcel in contro-
versy, he had caused it to be consigned to himself at Lam-
berton, so that the plaintiffs might have nothing to do with

Schureman v. Withers.

it there; but, being absent from Lamberton when the flour arrived there, the plaintiffs took possession of it without his orders or consent, and transported it to New York. That, in the course of the transportation, the plaintiffs had negligently exposed the flour to the weather, so that, when delivered in New York, it was so much damaged, that there was a loss of $4 on each barrel.

He contended, 1st. That these facts would show that there was no subsisting contract between the parties, either express or implied, and that, therefore, the transportation by plaintiffs was merely gratuitous. And 2d. That if there was an implied contract, it rested on the *quantum meruit*, and as there were no meritorious services rendered, the plaintiffs could recover nothing.

*D. B. Ogden*, for the plaintiffs, objected to this testimony. He contended, that the receipt of the flour by the defendant in New York, upon the delivery by the plaintiffs, created a sufficient contract by implication. And that as to the damaged state of the flour, that ought to be the subject of a distinct action.

THOMPSON, C. J. The testimony is admissible. If the plaintiffs transported this flour against the express orders of the defendant, it was a gratuitous act on their part, and they are not entitled to demand compensation. The fact that defendant received his own property upon the plaintiff's delivery in New York, cannot alter the case.(1)

(1) It is one of the first principles of law, that an assumpsit cannot be raised, by doing an act against the will of the party sought to be charged. 1 D. & E. 20; 7 Mass. 107; 5 Johns. 277; 10 Johns. 249. Such also is the

As to the second point, this being an action for a compensation upon a *quantum meruit* for services rendered, the defendant has a right to go into evidence, to show that no

rule of the civil law, "*Invitus nemo quid facere cogitur.*" In general, when the act done is beneficial to the defendant, the law implies a promise to pay a reasonable compensation; but, whenever the presumption of such promise is excluded, as where it appears that the act was done against the consent of the defendant, the implied promise cannot be raised. 1 Esp. Dig. 176; 7 Mass. 107. Thus, when money is paid against the express assent of the party for whose use it is supposed to have been paid, no action will lie for the money so paid. *Stokes et al.* v. *Lewis*, 1 T. R. 20; 2 Com. on Cont. 151.

In the principal case, the receiving the goods transported, would have been *prima facie* sufficient evidence *per se* of assent, to have fixed the liability to compensation, and to raise an implied assumpsit against defendant, particularly, too, as it is held, that when an act is done in the course of a person's business or employment, such act shall not be deemed a voluntary courtesy. Thus, in *indebitatus assumpsit* for carrying herrings, the plaintiff gave in evidence, that he was a porter at Yarmouth, and that when the herring ships came in, he went of his own head and carried a certain quantity to defendant's house, which were received by him. This was held, on the ground above mentioned, good evidence to support the action. 1 Esp. Dig. 178; Jones' Law of Bail, 43. But the receipt of the goods, in the principal case, was after an express order not to transport, and consequently, as the owner could not do otherwise than receive his property, the act of transportation remained a voluntary courtesy.

The case of *Bartholomew* v. *Jackson*, (20 Johns. 28,) is a very interesting application of the doctrine of the law in relation to a voluntary courtesy. Jackson was the owner of a wheat stubble field, on which Bartholomew had a stack of wheat, which he had promised the owner of the field that he would remove in season to enable him to prepare the ground for a fall crop. The time for the removal having arrived, the owner sent a message to him, requesting the removal by a certain hour on the ensuing day, on which day it was necessary for him to burn the stubble on the field. He, in reply, promised to remove it in season. The time to remove having elapsed, and the time to burn the stubble having arrived, the owner proceeded to fire the stubble in a remote part of the field. The fire spread rapidly, and threatened the stack of wheat, which the owner had entirely neglected to remove, and thereupon, under the urgency of the case, Jackson removed the stack from

service was in fact rendered.(2)    The defendant, however, failed in his proof, and the plaintiffs then claimed interest on the freight.

the field, so as to secure it for the owner.    For this service Jackson sought compensation, but the court held that there was no promise, express or implied; and Platt, J., in delivering the opinion of the court, says: If a man humanely bestows his labor, and even risks his life in voluntarily aiding to preserve his neighbor's house from destruction by fire, the law considers the service rendered gratuitous, and it, therefore, forms no ground of action

(2) The case of *Basten* v. *Butter*, (7 East, 479,) is a leading case on this subject.    There the plaintiff claimed upon a *quantum meruit* for services rendered, and the court decided that it was competent to the defendant, upon the general issue, to prove that the services rendered were of no value.    So in *Furnsworth* v. *Garrard*, (1 Camp. N. P. 39,) the same point was ruled. And Lord Ellenborough there says, "this action is founded on a claim for meritorious services—the plaintiff is to recover what he deserves.    It is, therefore, to be considered how much he deserves, or if he deserves any thing.    If the defendant has derived no benefit from his services, he deserves nothing, and there must be a verdict against him.    There was formerly considerable doubt on this point.    The late Mr. Justice Buller thought, (and I, in deference to so great an authority, have sometimes ruled the same way,) that in cases of this kind, a cross action for the negligence was necessary, but that if the work be done, the plaintiff must recover for it.    I have since had a conference with the judges on the subject, and I now consider this as the correct rule,—that if there has been no beneficial service, there shall be no pay; but if some benefit has been derived, though not to the extent expected, this shall go to the amount of the plaintiff's demand, leaving the defendant to his action for negligence.    The claim shall be co-extensive with the benefit."    Whatever difficulties heretofore existed on this subject, rested chiefly on the supposed surprise, to which a defence of this kind exposed the plaintiff.    But this argument, when the action is founded upon a *quantum meruit*, is fully answered in the case of *Basten* v. *Butter*.    It is there observed, by Lawrence, J., that where the plaintiff comes upon a *quantum meruit*, this defence can be no surprise upon him, because it is part of his case, and he must necessarily come prepared to show what the work was worth.

A distinction seems, however, to be taken, where a specific sum has been agreed to be paid by the defendant; because, there the plaintiff may have some ground to complain of surprise, if evidence be admitted under the gen-

Schureman v. Withers.

THOMPSON, C. J.   I do not think this a case in which interest can be allowed.   If the plaintiffs can show a demand of payment, interest may then be charged from the date of the demand.   The plaintiffs then proved a demand, and the jury found for the plaintiffs the amount of freight claimed, with interest from the time of the demand.

*D. B. Ogden*, for plaintiffs.

*Emmet*, for defendant.

eral issue, to show that the work done, and materials provided, were not worth so much as was contracted to be paid, inasmuch as he may only come prepared to prove the agreement for the specific sum, and the work done. But, even in this case, the defence is admissible, if notice is given that payment is disputed on the ground of the inadequacy of the work done.   Ib.

The doctrine of *recoupement*, as introduced and applied in *Read* v. *McAlister*, (8 Wend. 109,) would reach this case.   The demands of both parties spring out of the same contract.   *Batterman* v. *Pierce*, 3 Hill, 174; *Allaire Works* v. *Guion*, 10 Barb. 55; *Vide etiam, Hand* v. *Fielding*, and note to that case.

So also the doctrine of counter claim under the Code.   This form of remedy must be resorted to, when the claim for damages exceeds the claim for compensation.