### PEASLEE PLUMMER versus JOHN SHERMAN.

The creditor has a right to recover of his debtor the amount he has paid the jailer, for his board while imprisoned on the creditor's execution.

Such recovery may be had by assumpsit on an implied promise.

ASSUMPSIT, on facts agreed, to recover the amount the plaintiff paid for the defendant's board while in jail on his execution.

The facts as agreed by the parties were, that immediately upon the commitment of said defendant, he made complaint to the keeper of the jail, according to the statute in such cases provided, of his inability to support himself in prison, and claimed relief also as a pauper ; and thereupon the keeper gave notice according to law, to the creditor and the overseers of the poor of Wiscasset, and the plaintiff, being the creditor in said execution, secured and afterwards paid to said jailer the board of said debtor, for four or five months, and until he made a disclosure of his property affairs, and was discharged by taking the poor debtor's oath.

*Lowell* and *Carleton,* for the plaintiff.

1st. By our statute the debtor has a right, at his election, to give bond to the execution creditor, conditioned that within six months he will pay the debt and costs, or disclose his property affairs before two justices of the peace and quorum, or to go into close jail within that time. If he elects to go to jail he may do so, and on entering the jail he may represent himself as unable to support himself, and thereupon the creditor becomes liable for his said support. And if the town pays the bill in the first instance, the town may recover the same of the creditor. R. S. chap. 148, sec. 20, page 628 ; statute of March 17, 1842, chap. 23, page 14 ; R. S. chap. 148, sec. 56, pages 634, 635 ; chap. 32, sec. 31, 32, page 242.

2d. It is further provided that no release or discharge of the debtor's *person*, shall impair or discharge the right of the creditor to his debt and costs ; all which, together with any

and all sums he shall have paid for the support of his debtor in jail, shall be and remain a legal claim against the goods and estate of the debtor. R. S. chap. 148, sec. 42, page 632; R. S. chap. 32, sec. 33, page 242.

3d. Here the defendant availed himself of these provisions of law for his benefit. He elected not to give bond, but to go to jail, to apply as a pauper, and at last to swear out, disclosing property more than sufficient to pay the debt and costs. The creditor renewed his execution and caused it to be satisfied out of said property, and having been obliged by his debtor to pay for his support while wilfully in jail, he brings this action to recover out of the goods and estate of the defendant the money he has been compelled to pay for his support.

4th. Assumpsit is the appropriate form of remedy. The plaintiff could not maintain debt on his judgment and recover this claim as additional thereto, for his judgment had been paid and satisfied. The law gives the creditor a right and the inquiry is, what is the proper form of remedy to enforce that right? This is not a fine or forfeiture to be recovered in debt, nor is it an escape to be sued for in a special action of the case; but is an equitable claim which the law declares, and as such will enforce.

And from analogy, it would seem that assumpsit is the most, if not the only, appropriate remedy. R. S. c. 32, sec. 50, page 246; chap. 32, § 29, p. 242; chap. 148, § 56, p. 634, 635; *Inhabitants of Paris* v. *Inhabitants of Hiram,* 12 Mass. 267.

*Geo. Abbott,* for defendant.

The plaintiff paid the defendant's board for *his own benefit* and *not* for the benefit of the defendant. The defendant had *no wish* or *desire* that the plaintiff should pay or assume any obligation to pay his board, and in fact it was quite a damage to the defendant for him, the plaintiff, to assume to pay to the jailer the board. The defendant thereby was obliged to lay in jail until he or some of his friends furnished the means of defraying the expenses of being relieved from prison on taking

the poor debtor's oath.   We therefore contend the action at bar cannot be maintained at common law,  because —

1st.  There is *no express or implied* promise on the part of the defendant to pay.   *Whiting* v. *Sullivan*, 7 Mass. 107 ; *Kimball* v. *Tucker*, 10 Mass. 192 ; *Richards* v. *Cram*, 7 Pick. 216 ;  *Jewell* v. *Somerset*, 1 Greenl. 125.

2d.  I find no statute provisions authorizing the maintainance of this action.

WELLS, J. — By chap. 148, § 56, R. S. the keeper of the prison, in case the debtor should claim relief as a pauper, might require *security* of the creditor, for the payment of the expense of supporting the debtor, while in prison.

By the act of March 17, 1842, c. 23, before such *security* can be required, the debtor must make complaint in writing, and verified by his oath, of his inability to support himself in prison, and of furnishing *security* for such support.

It could not have been the intention of the Legislature, to require the creditor to support his debtor in prison, without any claim of reimbursement from the debtor.

The debtor may have property, but so situated, as not to be available for his support, or to enable him to furnish the required security.   His condition may in reality be much more favorable, than he represents it to be, in his complaint.   Must the creditor either allow the debtor to be discharged without examination, or support him without any legal claim to recover again what he has paid ?

By the terms of the statutes, the creditor cannot be called upon for the security, until the debtor has made the complaint. He therefore, voluntarily lays the foundation for the call upon the creditor.

Every man is under obligation to support himself, and when that support is furnished by another, it must be regarded as beneficial to him.   The creditor has a legal right to cause the debtor to be arrested and imprisoned, if he does not pay the debt, or discharge himself by the poor debtor's oath.   The debtor's obligation to maintain himself remains, although he is

in confinement, and his ability to do it may be lessened. The creditor, by the coercion, is not legally in fault. By the reception of support from the creditor, the parties are to be viewed in the same relation, as if no confinement existed. There is no difference in the liability, arising from a support furnished in prison or out of it. The creditor is to furnish *security* or pay money in advance, from time to time, or the keeper of the prison may release the debtor. But the security of the creditor does not preclude the debtor from making payment, it is not the less obligatory upon him to do so. The creditor is to make the keeper secure, that he will receive his pay from the debtor, who is the party creating the expense. The debtor is the principal, and the creditor is to be viewed as a surety.

Supplies furnished by towns to paupers, before they were made liable for them by statute, were not considered as creating any obligation to make payment. *Deer Isle* v. *Eaton*, 12 Mass. 329. The supplies were to be deemed a gratuity. But when furnished to a person not a pauper, it is said by WESTON, J. in *Alna* v. *Plummer*, 4 Greenl. 249, there can be no doubt but the common law affords a sufficient remedy, without the aid of the statute.

But the law does not require of the creditor to support his debtor in prison; it gives him the option of doing so, if he would retain him there. It is a mode afforded to him of compelling the debtor to make payment or disclose. It is a part of the remedy provided for the collection of debts, and could, in no sense, be construed as a gratuity.

It is true, the law will not imply a promise of any person against his own declaration. *Whiting* v. *Sullivan*, 7 Mass. 107. But generally the law implies a promise, where one pays money, or performs a beneficial service for another. 1 Chit. on Plead. 90, 91 ; 1 H. Black. 90 ; *Bowes* v. *Tibbets*, 7 Greenl. 457.

There does not appear to be any thing in the present case, to authorize it to be taken out of the general rule. What was paid to support the defendant, must be considered as paid for

his benefit, and the law raises a promise on his part to reimburse the plaintiff.          *Judgment for the plaintiff.*