# Meaher *v.* Pomeroy.

### *Action for Rent, and for Use and Occupation.*

1. *Implied promise not raised against express declaration.* — The law will not imply a promise against the express declarations of the party to be charged, made at the time of the supposed undertaking.

2. *Liability of tenant holding over after expiration of term.* — If a tenant, when informed by his landlord, during the term, that an increased rent will be demanded for the next year, remains silent, and afterwards holds over beyond his term, he will be presumed to have acquiesced in the proposed change, and will be bound to pay the increased rent specified; but if he expressly declares, when so informed, that he will not pay the sum demanded, no such presumption can be raised against him from the mere fact of his holding over; he then becomes merely a tenant at will, and only liable for the value of the use and occupation while he continues in possession.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. JOHN ELLIOTT.

This action was brought by E. H. Pomeroy against J. M. Meaher and T. Meaher, to recover the rent, or (as alleged in the second count) the value of the use and occupation, of a certain lot in Mobile, and seems to have been commenced in the City Court, though the trial was had in the Circuit Court. " On the trial," as the bill of exceptions states, " the plaintiff introduced evidence tending to show that the defendants rented from her, for the year commencing on the 1st November, 1865, and ending on the 31st October, 1866, the lot described in the complaint, but that no price was agreed on between them, the plaintiff demanding $500 per annum, and the defendants insisting that was too much; that the defendants settled the rent for that year with plaintiff's agent on or about the 12th October, 1866, and paid in full the sum of

[Meaher *v.* Pomeroy.]

$211, which was accepted in satisfaction. The plaintiff's said agent then, and before that time, informed the defendants that the plaintiff demanded $500 for the rent of the lot the next year; but defendants stated to said agent, at that time, that they would not give that rent, and would not take the lot at that price. There was evidence tending to show, also, that the defendants used and occupied said lot the next year; that the lot was vacant, and fronted on the river, lying alongside of another lot in the possession of the defendants, and that defendants' servants piled lumber belonging to them on the lot. No demand for the lot was made by plaintiff during the year, but payment of the rent was often demanded. The defendants introduced evidence tending to show that the rental value of said lot was very little, not exceeding the sum of one hundred dollars per annum, even to them; while the plaintiff proved that a person offered $500 per annum for it, and said it was worth that for his purposes, but could not say what any one else would give for it, nor what was its value in market. The court charged the jury, that if the defendants went into the possession of said lot as the plaintiff's tenants for one year, and the plaintiff informed them, before the end of that year, that the rent for the next year would be $500, and they could not have it for less; and if the defendants held over after the expiration of the first year, and used and occupied the lot, then they must be held to have agreed to pay $500 rent for that year, whether they in language assented to or dissented from the price so asked by plaintiff." This charge, to which the defendants excepted, is now assigned as error.

SMITHS & HERNDON, for appellants, cited *Whiting* v. *Sullivan*, 7 Mass. 107; *Worthen* v. *Stevens*, 4 Mass. 448; *Weston* v. *Davis*, 24 Maine, 374; *Crommelin* v. *Theiss & Co.* 31 Ala. 412.

ALEX. McKINSTRY, *contra.*

PECK, C. J. — The charge of the court below is wrong. If, when the defendants were informed by the plaintiff's agent that the rent of the lot for the next year would be $500, and that the plaintiff would demand that sum, they had remained silent and said nothing, and, after the end of their lease for the previous year, had continued to occupy and use the said lot for the next year, the law would have implied a promise on their part to pay that sum. As however, the defendants, *at the time,* declared to said agent that they would not give that rent, and would not take the lot at that price, no such implication could be made. The law never implies a promise against

[Dudley *v.* Falkner.]

the expressed will of a party sought to be charged.[1] Here was an express declaration, on the part of the defendants, that they would not take the lot for the next year at the rent demanded, the sum of $500; for this reason, no implication can be made against them to pay that sum.

On the evidence, as it is stated in the bill of exceptions, the defendants were liable to pay, not the rent demanded, $500, nor the sum at which the rent of the previous year was settled, but to pay a reasonable rent — what the use and occupation of the lot was reasonably worth for the period of their occupation. As, on the evidence, the law will not imply a promise to pay the rent demanded; so, on the other hand, it will raise no presumption against the plaintiff, to receive the sum at which the rent of the previous year was settled. That was, manifestly, a compromise sum, and may not have been the real value of the rent for that year. If the defendants did not occupy the lot for the whole year, then they were liable to pay a reasonable rent for the time they retained the possession. Their holding, after the termination of the lease for the previous year, under the circumstances, was at the will of the plaintiff. She might have put an end to that will at any time by demanding the possession; and if withheld, might have instituted the proceeding in the Revised Code called a real action, for its recovery; and in that action her recovery would be the possession of the lot, and damages for its use and occupation up to the time of the verdict. *Crommelin* v. *Theiss & Co.* 31 Ala. 412.

For the errors in the charge, the judgment must be reversed, and the cause remanded, &c.

---

[1] In *Chitty on Contracts* it is said: "The law will not imply a promise against the express declarations of the party to be charged, made at the time of the supposed undertaking." Note 1, page 18.