*G. F. Verry & F. A. Gaskill*, for the plaintiff.

*G. F. Hoar, (F. T. Blackmer* with him,) for the defendants.

---

## AMOS R. EARLE *vs.* JESSE J. COBURN.

Worcester. Oct. 5, 1880. — April 9, 1881. COLT, MORTON & FIELD, JJ., absent.

A promise will not be implied against the express declaration of a person upon whom no duty is imposed by law.

CONTRACT upon an account annexed for the board and stabling of the defendant's horse, from April 14, 1877, to January 17, 1878. Answer, a general denial. Trial in the Superior Court, before *Dewey*, J., who reported the case for the determination of this court, in substance as follows:

It was in evidence that, prior to April 14, 1877, the plaintiff had exchanged the horse in question with the defendant for a wagon; that a controversy arose between them as to the character of the transaction, and its effect upon the title of each in the property exchanged; that the defendant returned the horse to the stable of the plaintiff, and demanded of him the wagon;

that the plaintiff refused to deliver the wagon, and the defendant thereupon left the horse on the plaintiff's premises and brought an action against the plaintiff for a conversion of the wagon; that at the trial of that action the then plaintiff introduced evidence to show that the transaction was of such a character that the then defendant acquired no title in the wagon, and that he acquired no title in the horse; and evidence was introduced by the then defendant to show that the exchange was complete, and that he acquired title to the wagon and parted with his title to the horse; and that in that action the jury returned a verdict for the defendant, upon which judgment was duly entered by the court.

It was also in evidence at the trial of the present action that, at the time the defendant left the horse at the plaintiff's stable, both parties disclaimed ownership; that the plaintiff told the defendant that if he left it on his premises he must do so on his own responsibility and expense; that the defendant told the plaintiff he would have nothing more to do with the horse, and would not be responsible for it; that, on August 1, 1877, the plaintiff told the defendant that he had got a horse of his at his stable and should charge him for its board and keeping, and that the defendant replied that he had no horse at the plaintiff's stable.

The horse was fed and stabled by the plaintiff during the whole time embraced in the declaration, and the defendant made no other provision for his care and keeping, and did not demand him of the plaintiff, and gave him no orders respecting the same; and the plaintiff testified that he never sent the defendant any bill for board and stabling of the horse, and never made any demand except as stated in the interview of August 1, 1877.

Upon this evidence, the judge ruled that the action could not be maintained, directed a verdict for the defendant, and reserved the question of the correctness of the ruling for the determination of this court.

*J. Hopkins*, for the plaintiff.

*A. G. Bullock*, for the defendant.

LORD, J. This case cannot be distinguished in principle from *Whiting* v. *Sullivan*, 7 Mass. 107. In that case it was said, " As

the law will not imply a promise, where there was an express promise, so the law will not imply a promise of any person against his own express declaration; because such declaration is repugnant to any implication of a promise." As applicable to that case and to the case at bar, this language is entirely accurate. There may be cases where the law will imply a promise to pay by a party who protests he will not pay; but those are cases in which the law creates a duty to perform that for which it implies a promise to pay, notwithstanding the party owing the duty absolutely refuses to enter into an obligation to perform it. The law promises in his stead and in his behalf. If a man absolutely refuses to furnish food and clothing to his wife or minor children, there may be circumstances under which the law will compel him to perform his obligations, and will of its own force imply a promise against his protestation. But such promise will never be implied against his protest, except in cases where the law itself imposes a duty; and this duty must be a legal duty. The argument of the plaintiff rests upon the ground that a moral duty is sufficient to raise an implied promise, as well as a legal duty. He cites no authority for this proposition, and probably no authority can be found for it. The common law deals with and defines legal duties, not moral. Moral duties are defined and enforced in a different forum. Under the particular circumstances of this case, it would be futile to inquire what moral duties were involved, or upon whom they devolved. It is sufficient to say that no such legal duty devolved upon the defendant as to require him to pay for that for which he refused to become indebted. In *Boston Ice Co.* v. *Potter*, 123 Mass. 28, the court refused to hold the defendant to an implied promise to pay for ice which he had received and consumed during a year or more; and this upon the ground that a promise will not necessarily be implied from the mere fact of having derived a benefit. The cases arising in this country and in England are collated in the opinion in that case. Those cases, equally with *Whiting* v. *Sullivan, ubi supra,* sustain the ruling of the presiding judge in this case.

*Judgment on the verdict.*