NEWMARKET MANUFACTURING COMPANY *vs.* HOWARD COON.

Suffolk.    November 19, 1889. — January 4, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Implied Contract — Account annexed — Tortious Taking.*

An action of contract, upon an account annexed, cannot be maintained to recover damages for a tortious taking by the defendant of the plaintiff's property.

A corporation contracted for the building of a mill upon its land, and a sub-contract was made for building the foundation walls and furnishing the requisite stone. The sub-contractor laid them with stone found in excavating for the work. The corporation brought an action of contract, upon an account annexed, against the sub-contractor for the value of the stone, and contended that it could recover on the ground either of an implied contract or of a wrongful taking of the stones. At the trial, the presiding judge refused to instruct the jury, as requested by the defendant, that an agreement must be shown between the defendant and plaintiff " to pay for those stone, — a meeting of the minds of the parties on such an agreement," but instructed them that, so far as an implied contract was concerned, it must be made to appear that the circumstances and the relation of the parties were such that " the jury will imply an agreement to pay for them, and that the minds of the parties met on that proposition." *Held,* that the plaintiff had no ground of exception.

CONTRACT, upon an account annexed, against the executor of the will of James H. Coon, to recover the value of certain building stone. Trial in the Superior Court, before *Staples,* J., who allowed a bill of exceptions, in substance as follows.

The plaintiff made a contract with the firm of Currier and Kilham to erect a mill for it upon its land, and that firm made a sub-contract with the defendant's testator to lay the foundation walls and furnish the stone therefor. The testator in excavating for the foundations discovered in the land considerable stone suitable for the walls, and made use of it in laying them. The plaintiff contended that the defendant should pay for the stone so found and used by the testator, and that the law would imply a contract to that effect from the situation and condition of the parties.

The judge instructed the jury upon the general features of the case, and upon an express and an implied contract, in terms not excepted to by either party; and the defendant, among other requests for rulings, made the following: " The plaintiff to

recover must show that there was an agreement between Mr. Coon and the plaintiff to pay for those stone, — a meeting of the minds of the parties on such an agreement." The judge refused so to instruct, but instead gave the following instruction: " If by that is meant an express agreement, of course that is not necessary; but so far as an implied contract is concerned, it must be made to appear that the circumstances were such, and the relation of the parties such, that the jury will imply an agreement to pay for them, and that the minds of the parties met on that proposition."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*S. K. Hamilton*, for the plaintiff.

*J. P. Sweeney & H. R. Bailey*, for the defendant.

DEVENS, J.   The defendant's testator had taken and used stone belonging to the plaintiff in the construction of a building for which he was a sub-contractor, the plaintiff's contract for the erection of the building having been made with the firm of Currier and Kilham.   The jury had been instructed, in terms not objected to by either party, upon the general features of the case, and upon express and implied contracts, when at the close of the charge the defendant requested an instruction that " the plaintiff to recover must show that there was an agreement between Mr. Coon and the plaintiff to pay for those stone, — a meeting of the minds of the parties on such an agreement." Upon this request the court instructed: " If by that is meant an express agreement, of course that is not necessary; but so far as an implied contract is concerned, it must be made to appear that the circumstances were such, and the relation of the parties such, that the jury will imply an agreement to pay for them, and that the minds of the parties met on that proposition." To this instruction the plaintiff excepted.

It does not clearly appear from the bill of exceptions upon what ground the claim of the plaintiff as a matter of contract was based at the trial.   It contends, however, that this instruction was equivalent to saying, that, unless there was an actual meeting of minds of the parties upon an agreement to pay for the stone taken, there must be a verdict for the defendant.   We do not so understand the instruction; it does require them to find that the

relation and circumstances were such that they would imply an agreement, and imply that the minds of the parties met on that proposition.    This was correct.    While there are cases in which the law will imply a promise to pay on the part of one who has a legal duty to pay, even against his positive assertion that he will not pay, no such case was presented by the evidence.    *Earle* v. *Coburn*, 130 Mass. 596.    When one receives valuable property from another with his consent, or valuable service, knowing that he is expected to pay therefor, the law will imply a promise so to do, and he is not allowed to show that he secretly purposed never to pay for such property or service.    In such a case, the jury are authorized to infer that the minds of the parties met upon the proposition, and such was the instruction of the court.

From the plaintiff's contention at bar, it would appear that it sought to recover in an action of contract for stone which it claimed to have been wrongfully taken by the defendant, and that the instruction of the court was given in view of this position.    Its argument here is that the plaintiff and the defendant had no contract together, that the stone was taken without any license so to do on the part of the plaintiff, and that the taking by the defendant was tortious.    If this is the ground upon which the plaintiff sought to recover in an action of contract upon an account annexed, no injury to it can have occurred from this ruling.    It is quite clear that an action of contract could not be maintained in order to recover what were really the damages sustained by reason of a tort committed by the defendant's testator.    The cases on this subject were recently considered in the case of *Folsom* v. *Cornell, ante,* 115.

*Exceptions overruled.*