## LAMSON CON. STORE-SERVICE CO. v. WEIL *et al.*

*(Common Pleas of New York City and County, General Term.* February 3, 1890.)

1. ASSUMPSIT—QUANTUM MERUIT—CONTRACT.

Though the complaint, in an action for the use of a device owned by plaintiff, is on a *quantum meruit,* evidence offered by plaintiff to show a specific contract to pay a fixed price is competent, and if the contract is sufficiently established the stipulated price becomes the *quantum meruit.*

2. SAME—IMPLIED CONTRACT.

Plaintiff notified defendants by letter that the apparatus would be removed unless they agreed to hire it at $20 per annum for each "station." Defendants replied

that they would not pay more than $10 per "station." *Held*, that defendants' continued use of the apparatus did not impy assent to plaintiff's proposition, and subject defendants to the payment of the rental therein named.

**8. SAME—EVIDENCE.**

There was evidence for plaintiff that the usual charge for the device was from $20 to $25 per annum for each station. One of the defendants stated that he knew the value of such devices, and that $5 per annum for each station would be a fair charge. *Held*, that this was sufficient to authorize the trial justice to assess the amount to which plaintiff was entitled at $12 per annum for each station.

Appeal from sixth district court.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Wilmer & Canfield*, for appellant.    *Fromme Bros.*, for respondents.

BISCHOFF, J.    Plaintiff is the owner of a device known as the "reversible wire parcel system," used in the carrying of parcels in stores.    The device consists of an apparatus with "cars" or "stations" attached, which may be of greater or smaller number, and had been in use in defendants' store, with an attachment of 20 stations, prior to January 1, 1889.    On December 31, 1888, plaintiff notified defendants by letter that the apparatus would be removed unless defendants would agree to hire the same for three months at a time, at the rental of $20 per annum for each station, payment thereof to be made quarter yearly in advance.    Defendants never at any time in express terms declared their assent to plaintiff's proposition, but on the contrary, and some days after the receipt of the letter, stated that they would decline to pay more than $10 per station.    No express assent by the plaintiff to defendants' offer to pay the smallest sum was had, but defendants continued the use of the apparatus, and this action was brought to recover the fair and reasonable value of the rental for the months of May and June, 1889.    On the trial it was contended for plaintiff that defendants' continued use of the apparatus subsequent to the receipt of plaintiff's letter, notwithstanding their express dissent therefrom, established an implied assent to the plaintiff's proposition, and subjected defendants to the payment of the rental therein named.    Although the complaint was upon a *quantum meruit*, the plaintiff was not confined to proof of the fair and reasonable value.    Evidence tending to prove a specific contract to pay a fixed price is proper in such an action, and, if the contract is sufficiently established, the stipulated price becomes the *quantum meruit* in the case.    The trial justice was therefore right in permitting plaintiff to introduce proof tending to establish an agreement by defendants to pay a stated sum.    *Fells* v. *Vestvali*, *41 N. Y. 152.

The law cannot, however, imply that a person promised to do that which in express and unequivocal terms he refused to do, and the defendants cannot, therefore, be deemed to have promised to pay the increased rental from the mere fact of continued use of the apparatus, accompanied by an express declaration that they would not accede to plaintiff's terms, subsequent to the receipt of plaintiff's notice.    2 Whart. Cont. § 707.    See, also, (directly in point,) *Preston* v. *Hawley*, 101 N. Y. 590, 5 N. E. Rep. 770; *Hazeltine* v. *Weld*, 73 N. Y. 156.    To constitute a valid contract, there must be a proposition from one person, and assent thereto by another.    Such assent must be definite and unqualified.    If the element of assent be wanting, there can be no contract, and when a proposition is made on the one, to which only a modified acceptance is proposed by the other, the minds of the parties have not yet met, and there can be no contract until such modified acceptance is withdrawn, and the original proposition accepted without qualification, or the person making the first proposition signifies his unqualified assent to the modified acceptance.    The cases relied upon by appellant's counsel in support of his contention are to the effect that the act of holding over by a tenant after the expiration of his term operates as a new letting, upon the terms of the former lease, and that the continued possession of demised premises by the

tenant, after notice to him that subsequent to the expiration of an existing lease the landlord would exact a greater rent, constitutes a new lease, and subjects the tenant to the payment of the increased rent, notwithstanding the fact that the tenant, prior to the expiration of the former lease, refused to accede to the landlord's demand. The rule laid down in those cases was applied upon the theory that the tenant's assent to the landlord's proposition is a matter of intention, and that such intention can be ascertained as well from the tenant's deliberate acts as from his express declarations; that it was the duty of the tenant, if he did not wish to assent to the landlord's proposition, to have quit and surrendered possession of the demised premises; and that his continued possession was tantamount to an acceptance of the landlord's terms, and a disavowal of his intention to abide by his refusal to accede thereto. No duty devolved upon the defendants, however, in the present case, other than to permit plaintiff to remove the apparatus, if defendants' modified acceptance of plaintiff's proposition was not in turn assented to by the latter, and the cases cited can therefore not be held applicable to this case; and it may, with as much reason, be urged that plaintiff's neglect to remove the apparatus should be construed as an acceptance of defendants' offer to pay but $10 per annum for each station. It is true that plaintiff attempted to show that some time subsequent to January 1, 1889, an attempt was made to move the apparatus from defendants' store, and that defendants refused to permit such removal. The defendant Isaac Weil, however, denied that such removal was resisted, and there is nothing before the appellate court to show that the trial justice erred in accepting defendant's statement as the truth. It must therefore be concluded that the plaintiff has failed in the attempt to prove an express agreement by the defendants to pay a fixed sum for the use of the apparatus, and for a recovery in this action must rely wholly upon the implied promise, arising from the use thereof, to pay the fair and reasonable rental value, whatever it may be.

· The proof of what would be a fair and reasonable charge for the use of the apparatus in question was justly stated by the trial justice to be very meager. It should be borne in mind, however, that the apparatus is a device owned by the plaintiff, and that the charges for its use are more or less arbitrary, dependent upon express agreements between the plaintiff and its patrons, and not easily ascertainable in open market. There is evidence for the plaintiff that the usual charge for the apparatus is from $20 to $25 per annum for each station, while defendant Isaac Weil says that he has used the apparatus in question and another for some time, and has seen similar devices in use, that he knows the value of such devices, and that $5 per annum for each station would be a fair charge for the use of plaintiff's apparatus. This evidence, though slight, is some proof of the value, and was sufficient to authorize the trial justice, who was called upon to decide the facts as well as the law of this case, to assess the amount to which plaintiff was entitled at $40, or at the rate of $12 per annum for each station. There is in this case also proof that subsequent to the plaintiff's letter its agent, Mr. McGruther, called upon the defendants, and that an agreement was then and there made between the agent and Isaac Weil to the effect that the use of the apparatus by the defendants should continue pending negotiations concerning the amount to be paid by defendants therefor, and this court cannot say that the trial justice did not, in finding that defendants never promised to pay a fixed sum, take these facts into consideration. If the testimony of the defendants Isaac Weil and Ralph Weil on this point was believed by the trial justice, and there is nothing to show that it was not, it explains the use of the apparatus after January 1, 1890, and removes any implication that such use was in acquiescence in plaintiff's proposed charges. The judgment appealed from should be affirmed, with costs to the respondents.