### OSGOOD & a. *v.* CONWAY & a.

An appropriation of money by a town to pay for services voluntarily rendered in its behalf without its request or authority, is invalid.

BILL IN EQUITY, by residents and tax-payers in Conway, against the town, its selectmen, collector, and treasurer, for an injunction restraining the defendants from assessing, collecting, or paying over money to the representatives of the town in the legislature, for the purpose of reimbursing them for expenses incurred in defeating a bill introduced into the legislature at the January session, 1891, for a division of the town. The representatives of the town employed counsel and procured the attendance of witnesses, without authority from the town, in opposition to the measure. At the annual town-meeting, held on the second Tuesday of March, 1891, after the expenses had been incurred in opposition to the division of the town, a vote was passed appropriating a sum of money to pay for those expenses.

*Fred B. Osgood*, for the plaintiffs.

*John B. Nash*, for the defendants.

*Per Curiam.** It is unnecessary to consider the question whether the town, as a corporation, had the power to employ agents to represent it before a legislative committee in opposition to the proposed change in its territorial limits. If the existence of such a power is admitted, the parties who incurred the expenses in question were not the authorized agents of the town for that purpose. As representatives to the legislature they had no authority to bind the town by contract. Nor does it appear that they assumed to act in behalf of the town. As citizens of the town they were interested in the proposed legislation, and there is nothing in the reserved case indicating that they were not engaged in the defence of their individual interests. But if their services can, in any view, be said to be beneficial to the town in its corporate capacity, they were rendered gratuitously, and imposed upon it, at most, only a moral obligation to pay for them. *French v. Benton*, 44 N. H. 28; *Butler v. Charlestown*, 7 Gray 12. The vote of the town appropriating money to pay for these services, if deemed equivalent to a promise to pay for them, did not bind the town, since it was not supported by a legal consideration. A promise to pay for services voluntarily rendered without the request or authority of the promissor is not enforceable, although they may be beneficial and valuable to him. *Wilson v. Edmonds*,

---

* See foot-note on page 80.

24 N. H. 517; *Hall* v. *Hall*, 44 N. H. 293, 296; *Lebanon* v. *Griffin*, 45 N. H. 558; *Buxton* v. *Chesterfield*, 60 N. H. 357; *Kent* v. *Rand*, 64 N. H. 45; *Earle* v. *Coburn*, 130 Mass. 596; *Bartholomew* v. *Jackson*, 20 Johns. 28.

As the town did not become legally liable to pay for the services under either an express or an implied contract, the imposition of a tax upon its citizens for that purpose would be unauthorized and illegal.

*Decree for the plaintiffs.*

SMITH, J., did not sit: the others concurred.