## LANDON v. KANSAS CITY GAS CO.

## SAME v. WYANDOTTE COUNTY GAS CO.

### (District Court, D. Kansas, First Division.   May 3, 1924.)

### Nos. 2298, 2299.

1. **Contracts ⬦⇒28(3)—Promise will not be implied against expressed will of party to be charged.**

   The law will not imply a promise against the express declarations of the party to be charged, made at the time of the supposed undertaking.

2. **Gas ⬦⇒14(1)—Customer held not liable on implied contract for increased rate.**

   The receiver for a natural gas company was directed by the court to charge an increased price for gas thereafter furnished to certain consumers. On being notified, such consumers expressly refused to pay any increased price and so notified the receiver and the court. The receiver continued to furnish them with gas, and received and retained payment therefor at the old rate. *Held*, that there was no implied contract that would support an action by the receiver to recover the difference between the old and the increased rate.

At Law.   Actions by John M. Landon, receiver, against the Kansas City Gas Company, and against the Wyandotte County Gas Company. Judgments for plaintiff, on part of claim, and for defendants on part.

Chester I. Long, of Wichita, Kan., John H. Atwood, of Kansas City, Mo., Robert Stone, of Topeka, Kan., and T. S. Salathiel, of Independence, Kan., for plaintiff.

J. W. Dana, Harkless & Histed, and C. M. Miller, all of Kansas City, Mo., for defendants.

POLLOCK, District Judge.   The foregoing actions at law were brought by a receiver of this court to recover a difference of 7 cents per 1,000 cubic feet for gas furnished by the plaintiff to defendants as gas-distributing companies in the cities of Kansas City, Mo., and Kansas City, Kan.   As the facts and propositions of law involved are identical in the cases above named, they will be considered together as one controversy.   The cases arose in this manner:

In the consolidated case of Fidelity Title & Trust Company v. Kansas Natural Gas Company, No. 1 N-Equity in this court, case No. 1351 Equity, on the records of this court, being consolidated with said cause, the plaintiff herein was duly appointed and acting receiver, in charge of and managing the business, property, and affairs of the Kansas Natural Gas Company.   During the management of said business and property by plaintiff receiver in this court, he was directed to charge and collect from defendant distributing gas companies an increase of gas rates from 28 cents per 1,000 cubic feet, a price at which he had theretofore been furnishing defendants, to a rate of 35 cents per 1,000 cubic feet, same being an increase of 7 cents per 1,000 cubic feet on gas furnished.   However, defendant distributing gas companies, on being notified by plaintiff of such advance in price ordered by the court to be charged and collected from them, notified plaintiff receiver and the court they would not pay the increased rate of 35 cents.

⬦⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

However, plaintiff receiver continued thereafter to furnish gas to defendant distributing companies and to bill said companies for the gas so furnished at the rate of 35 cents per 1,000 cubic feet, which defendants refused to pay, but in turn did remit to plaintiff for gas so furnished at the old rate of 28 cents per 1,000 cubic feet. This condition of affairs continued, and this manner of transacting the business from and after March 25, 1920, until October 15, 1920, a period of some 7 months. These actions are brought in this court to recover the difference between the rate charged by the receiver under the order of the court for the gas so furnished and the amount paid by defendant distributing companies to plaintiff on the bills rendered. In the aggregate the amount of money claimed by the receiver amounts to quite a large sum.

There is also another claim made by the plaintiff against the defendants arising out of the manner in which the gas was metered to defendant companies. These claims amount to the sum of $22,111.88, and interest thereon, in the case against the Kansas City Gas Company, and to the sum of $4,396.84 against the Wyandotte County Gas Company. So far as these claims are concerned, they are conceded by defendants to be correct, and for said amounts plaintiff will have judgment against defendants, together with interest on said amounts from the time the same should have been paid.

The ground of jurisdiction in this court invoked by plaintiff as against the Kansas City Gas Company, and strenuously opposed by the defendant, is this: That this said action is merely ancillary to the consolidated case No. 101 Equity, in which said defendant was a party at the time these actions were instituted. While defendant Kansas City Gas Company has in this case most earnestly contended this court has no jurisdiction at law to render a personal judgment against said defendant, a foreign corporation, yet, as that question has been heretofore ruled in this case by another judge sitting, I feel constrained and impelled to follow the ruling then made and pass to the merits of the controversy.

The ground on which the plaintiff receiver seeks a recovery of the advanced rate of 7 cents per 1,000 cubic feet for gas furnished during the period above stated is based upon an implied agreement on the part of defendants in accepting and using the gas furnished by plaintiff to pay at that rate. That this is the precise and only ground on which the plaintiff relied for recovery at the trial is not only disclosed fully by the record heretofore made in this case, but it is stated in plaintiff's brief and argument as follows:

"There is practically no dispute about the facts in this case. The issue was joined upon an implied promise to pay 35 cents for the gas delivered by the plaintiff to the defendants, respectively, from and after March 25, 1920, giving credit for the amounts paid from month to month by the respective defendants."

Also the brief of defendants discloses this to be the only question now presented in these cases. At page 2 it is said:

"The only count upon which the plaintiff relies is founded upon an implied contract to pay a 7-cent rate difference in addition to what the defendants have already paid. This 7 cents is contended for by the plaintiff upon the

theory that the defendants, by accepting the gas, have agreed to pay the price which the plaintiff, the receiver, named."

Adopting the theory of the parties to these controversies, the only question for decision on this record, the facts being wholly undisputed, is very simple: Will the law imply a promise on the part of defendants to pay the advanced rate of 35 cents, less that portion, 28 cents, heretofore paid by defendants, when the gas was furnished?

[1] It is undisputed defendants, on being notified of the advance rate of 7 cents by plaintiff receiver in the rate charged, refused to pay this rate and so notified both the plaintiff, as receiver, and the court making the order. Now, I take it to be quite well settled on authority, and, further, in entire consonance with the very reason of things, the law will never imply a promise against the expressed will of the parties sought to be charged.

[2] The evidence in these cases is clear and positive that defendants, on being notified the price of gas had been advanced 7 cents per 1,000 cubic feet to them, positively declined to pay that price, and when bills were rendered at that rate remitted only at the former rate of 28 cents. In such state of affairs there was no agreement of the minds of the parties, implied or otherwise, on the higher rate. On the contrary, it would seem more consonant with reason, when in any case one offers his property for sale to a prospective purchaser at a given price, and the offer is declined, but, in turn, a less price than that offered is made, and the proposed seller delivers his property, nothing more being said between the parties, such delivery constituted an acceptance of the lower price offered, and more especially in a case such as this, wherein the purchaser and user continues to remit each month at the old rate, and the seller receives, accepts, retains, and uses the amount remitted by the purchasers. The authorities on this proposition appear to be in complete harmony. Thus, in delivering the opinion in Municipal Waterworks Co. v. City of Ft. Smith, 216 Fed. 431, Judge Youmans said:

"The testimony for the plaintiff is that, in accordance with the notice given in the letter of December 31, 1907, meters were placed upon the flush tanks, and that the water charged for in its complaint is the amount estimated to have passed through those meters. As stated, plaintiff was notified that the city would not pay for the water. The plaintiff could have turned the water off. It did not do so. 'Upon a promise arising by implication of law, indebitatus assumpsit lies. The request necessary to support such promise may be inferred from the beneficial nature of the consideration and the circumstances of the transaction. The law, however, will not imply a promise against the express declarations of the party to be charged, made at the time of the supposed undertaking, unless such party is under legal obligation, paramount to his will, to perform some duty.' 4 Cyc. 325; 3 Standard Encyclopedia of Procedure, 195. 'The law never implies a promise against the expressed will of a party sought to be charged. In Chitty on Contracts, it is said: "The law will not imply a promise against the express declarations of the party to be charged, made at the time of the supposed undertaking."' Mesher v. Pomeroy, 49 Ala. 146. 'As the law will not imply a promise, where there was an express promise, so the law will not imply a promise of any person against his own expressed declaration, because such declaration is repugnant to any implication of a promise.' Whiting v. Sullivan, 7 Mass. 107; Earle v. Coburn, 130 Mass. 596; Boston Ice Co. v. Porter, 123 Mass. 28, 25 Am. Rep. 9; Jewett v. Somerset, 1 Me. (Greenl.) 125. 'To justify a re-

300 F.—23

covery upon an implied assumpsit, it is necessary for the plaintiff to establish facts from which a promise upon the part of the defendant to pay a certain sum of money can reasonably be presumed. But no such promise can possibly be presumed where the act constituting the cause of action is done in defiance of plaintiff's rights, or under a claim of adverse rights.' Carson River Lumber Co. v. Bassett, 2 Nev. 249; Ruse v. Williams, 14 Ariz. 445, 130 Pac. 887, 45 L. R. A. (N. S.) 923; Anderson v. Caldwell, 242 Mo. 201, 146 S. W. 444; Raymond v. Eldridge, 111 Mass. 390; Columbus, H. B. & T. Ry. Co. v. Gaffney, 65 Ohio St. 104, 61 N. E. 152. It does not meet the proposition to say that plaintiff could have been compelled by the city to turn water into flush tanks. It is a sufficient answer to say that in this instance there was no compulsion. What plaintiff did, it did voluntarily. Therefore it cannot recover on an implied contract for water used in flushing sewers."

To like effect are the cases of Lamson v. Weil, 8 N. Y. Supp. 336; Meaher v. Pomeroy, 49 Ala. 146; Lasher, Receiver v. Heist, 126 Ill. App. 82; Earle v. Coburn, 130 Mass. 596; Preston v. Hawley, 101 N. Y. 586, 5 N. E. 770; Hazeltine v. Weld, 73 N. Y. 156; Boston Ice Co. v. Potter, 123 Mass. 28, 25 Am. Rep. 9, and many other cases.

When the court ordered his receiver in this case to charge a higher rate than the one in force when the order was made, it was, of course, the duty of the receiver, if possible, to obtain the higher rate for the service, and, failing in this, to apply to the court for permission to shut off the gas from the customer refusing to pay the price ordered by the court until a promise to take at such price could be obtained. It seems, however, in these cases, this course of conduct was not pursued, but the service was continued as has been stated. In such case there was no implied promise on the part of defendants to pay the higher rate; and as this is the only ground upon which recovery is claimed by plaintiff, in so far as the increased rate is concerned, there must be judgment for defendants.

Let judgment go in these cases for the plaintiff, in so far as above conceded, and in favor of the defendants on the claims for the increased rate of 7 cents per 1,000 cubic feet, with costs against the plaintiff.