## GALLAGHER v. HIMELBERGER ET AL.

CONTRACT.—*Landlord and Tenant.—Occupancy by Trespasser.—Ejectment.—* During the occupancy of certain real estate by a trespasser, he was notified by the owner, that the rent therefor was a certain sum per annum, which would be demanded as a condition for its further occupancy, but the former, refusing to agree to pay such rent, as being too much, but promising to "make it right," continued his occupancy, though the owner, from month to month, made out and presented bills at a *pro rata* amount of the whole rent demanded, payment of which was refused.

*Held*, in an action for rent, that no express contract for the payment of such sum arose out of such notice, demand and occupancy.

*Held*, also, that, during the whole of such occupancy, the defendant was a mere trespasser, liable to be ejected as such at any time.

From the Cass Circuit Court.

*D. P. Baldwin*, for appellant.

*McConnell & Nelson*, for appellees.

Howk, J.—The appellant, as plaintiff, sued the appellees, as defendants, before a justice of the peace of Cass County. The cause of action was merely an open account, whereby the appellant charged that the appellees were indebted to him in the sum of two hundred dollars, for rent of eight lots in Gallagher's addition to the city of Logansport. Before the justice, on the 30th day of June, 1873, the appellees appeared in this action, and offered to confess judgment herein, and filed their consent in

writing that judgment should be entered against them in this cause, for the sum of twenty-five dollars, and the costs of suit. This offer was not accepted, but a trial was had before the justice, which resulted in a judgment in favor of the appellant for eighteen dollars and fifty-four cents, from which judgment there was an appeal to the court below.

The cause was first tried by the court, and a finding announced for the appellant in the sum of two hundred dollars; but, on the appellees' motion, this finding was set aside and a new trial granted. Afterward, the cause was tried by a jury in the court below, and a general verdict was returned for the appellant, assessing his damages at twenty-five dollars. And, with their general verdict, the jury also, under the direction of the court, returned a special finding as to particular questions of fact, submitted to them by the parties. The appellant's interrogatories, and the special finding of the jury thereon, were as follows:

"1.   Did Gallagher, in Nov. '72, notify the defendants, that his price for the lots in question, in this suit, was at the rate of five hundred dollars per year?"

Answer.   "Yes."

"2.   Did the defendants enter upon the lots after Gallagher had notified them, in Nov. '72, of his price?"

Answer.   "Yes."

"3.   When they entered, had Gallagher consented to lower or change his price?"

Answer.   "No."

"4.   After the defendants had entered upon the lots, did not Gallagher notify them to pay his price, to wit, at the rate of five hundred dollars per year, or quit the premises?"

Answer.   "Yes."

"5.   Did Gallagher, during the defendants' occupancy, render monthly bills at the rate of five hundred dollars per year?"

Answer. " Yes."

" 6. Did you find, that Gallagher ever consented that the defendants occupy his lots at a less rate of rent than five hundred dollars per year? "

Answer. " No."

" 7. How long did the defendants occupy Gallagher's lots ? "

Answer. " Four months and twenty-six days."

And the appellees' interrogatories, and the special finding of the jury thereon, were as follows :

" 1. Did the defendants at any time lease the lands, described in the complaint, from the plaintiff? "

Answer. " No."

" 5. Did the defendants ever promise to pay the plaintiff five hundred dollars per year for the use of his lands as a mill-yard ? "

Answer. " No."

On written causes, the appellant moved the court below for a new trial, which motion was overruled, and to this decision the appellant excepted. And the appellant then moved the court for a judgment of two hundred dollars on the special finding of particular questions of fact, notwithstanding the general verdict of twenty-five dollars, which motion was overruled, and appellant excepted. And judgment was rendered by the court below upon the general verdict, and for costs prior to June 30th, 1873, in favor of the appellant, and for all costs accrued after June 30th, 1873, in favor of the appellees, from which judgment the appellant prosecutes this appeal.

In this court, the appellant has assigned the following alleged errors of the court below :

1st. In overruling his motion for a new trial;

2d. In overruling his motion for a judgment of two hundred dollars, on the special findings of the jury.

As preliminary to our examination and decision of the questions presented by these alleged errors, we will give

a summary of the material facts of this case, as we gather
them from the record: The appellees, in 1872 and 1873,
were the owners of a steam saw-mill, in the city of Lo-
gansport, near the canal. Immediately west of their
saw-mill, and adjoining it, the appellant owned a piece
of ground, two hundred and eighteen and one-half feet by
one hundred and seventy-six and one-half feet, which was
unenclosed and unimproved. In November, 1872, the
appellees, having found that logs brought to their mill
were left on appellant's ground, and "not wishing to oc-
cupy it without his consent," applied to the appellant to
rent his ground, and asked what the rent would be for
one year. The appellant answered five hundred dollars ;
and the appellee Hurd, with whom the appellant was
conversing, told him that was more than they could pay.
The appellees continued to occupy the appellant's ground,
or a part of it, with the logs brought to their mill, until
May 26th, 1873. During the time, in January, 1873, the
appellant again notified the appellee Hurd, that the rent
was five hundred dollars; when Hurd told him, that the
rent was too high, but the appellees would try to make
it right with him. And again, in February, 1873, the
appellee Himelberger, having received from the appel-
lant a bill of forty-one dollars and sixty-six cents for one
month's rent, saw the appellant and told him, that the
appellees could not and would not pay that price; when
the appellant responded, that they knew his terms, and,
if it was too much, for them to move off. During the
time, the appellant made out monthly bills for the rent,
at the rate of five hundred dollars per year, and sent
them to the appellee Himelberger; but it does not ap-
pear that the latter, or any of the appellees, paid any
attention to any of these bills, except the first one, above
mentioned.

It will be seen from the foregoing summary, that the
appellant at all times asked and demanded rent for his
ground, at the rate of five hundred dollars per year ;

that the appellees at all times objected to the rent demanded by appellant, and told him that they could not, and would not, pay such rent; and that the appellees continued to occupy the appellant's ground, or a part of it, for the time before-mentioned, without any express agreement as to the rent of the ground; the appellees having full knowledge of the rate of rent demanded, and the appellant having full knowledge that the appellees could not, and would not, if they could avoid it, pay the rent demanded.

Appellant's learned counsel insists in argument, if we understand aright his argument, that this is a suit against the appellees upon their "express contract" to pay the appellant rent for his ground, at the rate of five hundred dollars per year; and the appellant announced to the court below, "that he would stand or fall by his express contract, as made by his evidence." We have been unable to find, in the record of this cause, any "express contract" by the appellees to pay the rate of rent demanded by the appellant. Can it be correctly said, that the appellees expressly contracted to do that, which they expressly said and reiterated, that they could not and would not do? We think not. The minds of the contracting parties must meet and agree, before it can be correctly said that there is an express contract between them; and certainly, where one party proposes and the other objects, and this is continued, there can be no express contract between such parties. In our view of this case, there was never any contract between the appellant and the appellees, in regard to the rent of appellant's ground. According to the evidence of the appellee Hurd, and it is uncontradicted on this point, the appellees were trespassers on appellant's ground, before he made any effort to rent the ground; and they continued to be mere trespassers thereon, during the entire time they occupied the ground, with the knowledge of the appellant. When the appellees refused to agree to pay the appellant the

rent he demanded, he had the right to eject them from his ground, as mere trespassers; but he suffered them to remain on his ground, without any agreement on their part to pay the rent demanded, and with the knowledge on his part that they could not, and would not, pay such rent. There was no contract or agreement on the part of the appellees, but they continued, as they began, mere trespassers on the appellant's ground. This, we think, is the gist of the special finding of the jury, on the particular questions of fact, submitted to them; and, therefore, we hold that no error was committed by the court below, in overruling the appellant's motion for a judgment of two hundred dollars, on the special finding of the jury, notwithstanding their general verdict of twenty-five dollars.

The appellant has also assigned, as an alleged error of the court below, the overruling of his motion for a new trial. Many causes were assigned by the appellant for such new trial, in his motion therefor. In our opinion, it is unnecessary, and would be unprofitable, to set out these causes at length, or to comment on them in detail. It will suffice for us to say, generally, that if we could believe the appellant's theory of his case to be the true one, we would then hold, that several of the causes for a new trial were well assigned; but, believing as we do, that the appellant's view of his case was a mistaken one, and that there was no such express contract as the appellant has sued on, we are constrained to hold, as we do, that the court below did not err, in overruling appellant's motion for a new trial. From a thorough and careful examination of the record of this cause, it appears to us, "that the merits of the cause have been fairly tried and determined in the court below;" and in such a case our practice act forbids, that "any judgment be stayed or reversed, in whole or in part." 2 R. S. 1876, p. 246, sec. 580.

The judgment of the court below is affirmed, at the appellant's costs.