Galloway v. Kerby.

## James B. Galloway

v.

## James Kerby.

1. Landlord and tenant—Increase of rent—Notice—Holding over.—A notice by a landlord to a tenant, that if he continues to occupy the premises beyond the present term he must pay an increased rent, naming the sum, will not bind the tenant, though he holds over, unless the tenant consents to such increase of rent.

2. Assent presumed from silence.—The assent of the tenant is indispensable to the right of the landlord to recover. In some cases the silence of the tenant after receiving notice of an increase in the rent, has been construed into an assent or agreement to occupy at the increased rate, but where, as in this case, the tenant refused to assent to the increase, no such presumption arises. No privity of contract is created, and if he holds over it will ordinarily be considered as an occupancy upon the terms of the original lease.

3. Remedy of landlord.—Where the tenant expressly dissents from the claim to pay increased rent, the remedy of the landlord would be to oust the tenant from possession, if he objected to a continuance of the occupation under the terms of the original lease.

4. Abandonment of proposition—Counter proposition.—The tenant having refused to assent to the proposal for increased rent, the landlord put up a notice for rent upon the house. This may be regarded as an abandonment by the landlord of his proposition. The tenant made a counter proposition to hold possession, if the landlord would make certain repairs, admitting that rents had advanced from 15 to 20 per cent., and agreeing to pay that sum, and the tenant continuing to hold over, the landlord is entitled to recover upon the basis of the actual rental value.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed November 29, 1881.

This was debt in the Superior Court, by Galloway, as lessor, against Kerby, as lessee of a dwelling house situate in the city of Chicago, to recover rent therefor for the months of May to and including August, 1880, at the rate, as was claimed by the former, of seventy-five dollars per month, payable in advance. An agreed case was made, and submitted to the court to be passed upon, without a jury, upon which the court below gave judgment for the defendant, and the plaintiff brings the case here upon appeal.

It appears from the agreed case, that both of the parties resided in the city of Chicago; that Kerby had occupied the premises as tenant of Galloway for several years; that from May 1, 1879, he had so occupied under a written lease, the term being from the last mentioned date, to May 1, 1880, at the rental of fifty dollars per month, payable monthly in advance; that March 11, 1880, the lessor notified the lessee by letter, that he was anxious to sell the premises before May 1st, but if not sold they would be for rent at seventy-five dollars per month; that he presumed lessee would not wish to keep them at that rate, and therefore, he wrote to advise him.

The lessee making no reply to this, the lessor, April 12, 1880, sent him another letter, stating in substance that the rental of the house now occupied by lessee, for the year beginning May 1, 1880, would be $900, payable monthly in advance at his (lessor's) office, in sums of $75 each; that if lessee remained in said house after the termination of the present lease, he would do so under all the conditions of said lease, excepting the amount of rental, which would be as above named.

To this last the lessee replied by letter sent, and received by the lessor April 13, 1880, in and by which he stated in substance that he should not accept the proposition. Then, April 27, 1880, the lessor orally told the lessee that if he would not pay $75 dollars per month rent he should vacate the premises; which lessee refused to do.

Galloway v. Kerby.

It further appears that the lessor having' advertised said premises for rent, on the morning of April 28th, 1880, nailed up a board on the premises, with a notice on it that they were for rent.

The lessee, having notified lessor of his refusal to accept the proposition of the latter, to advance the rent to $75 per month, and the lessor having thereupon put up the notice on the premises that they were for rent, the lessee, before the expiration of his term, and April 28, 1880, by letter submitted a counter proposition to lessor, which the latter received, viz.: that he would pay an advance of 20 per cent. if the lessor would make certain specified repairs. To this the lessor made no reply, and the first of May coming around, the lessee held over, and May 8th sent another letter, which lessor received, in which the former reiterated his proposition to pay the advance of 20 per cent. if the lessor would make the needed repairs specified, and requested a reply that lessor would make the repairs, or notify him to leave. To this, lessor, by letter of date May 11, 1880, replied, stating that he had already ordered the roofer to repair the roof, but claimed that lessee was bound to pay $75 per month, in accordance with the terms of his notices of March 10th and April 12th, 1880. The lessee immediately replied to this, denying that he had acceded to said terms.

It appears, however, that the lessor went on making the repairs specified by lessee in his proposition. So that in June following the lessee sent his check to lessor for $138, with the express condition that it was to be applied on the rent, in accordance with lessee's said proposition. Lessor collected the check, but refused to so apply the proceeds. August 7, 1880, lessee again sent his check to lessor for sixty dollars, under the same conditions. The lessor collected it, but refused to recognize the conditions.

The agreed case states: " Upon these admitted facts, is the question of law: can the appellant recover the difference between $300, the amount of rent claimed by him for the months of May, June, July and August, at $75 per month, and the amount received by him, viz: $198, on said checks? And

now the attorneys for the respective parties do hereby certify that the sole question in this case is a question of law only, to wit: Upon the facts above set forth, ought the plaintiff to recover in this action?"

Mr. JAMES B. GALLOWAY *pro se*, that the landlord was not bound to repair or pay for repairs made by the tenant, cited Taylor's Land. and Ten. § 327; Munford v. Brown, 6 Cow. 475; Morris v. Tilson, 81 Ill. 607; Mendel v. Fink, 8 Bradwell, 378.

The tenant was bound to pay the increased rent: Taylor's Land. and Ten. §§ 280, 525; Higgins v. Halligan, 46 Ill. 173; Griffin v. Knisely, 75 Ill. 411.

Payment received on undisputed account is not a bar to a suit for balance, though received in full: Ryan v. Hand, 48 N. Y. 204; Perkins v. Lockwood, 100 Mass. 249; Curtiss v. Martin, 20 Ill. 578; 2 Parsons on Contracts, 130.

Appellant could retain the checks on account of rent due, and sue for the balance: Higgins v. Halligan, 46 Ill. 73; Pierce v. Pierce, 25 Barb. 243.

The acts of appellant do not constitute an accord and satisfaction: 2 Greenl'f Ev. 28; Story on Contracts, 1354; 2 Parsons on Contracts, 197, Ætna Ins. Co. v. Stevens, 48 Ill. 31.

Receiving part payment under protest, though tendered in full, is not an accord and satisfaction: People v. Board of Sup'rs, 58 Barb. 139; W. U. R. R. Co. v. Smith, 75 Ill. 496.

Mr. ROBERT HERVEY, for appellee; that the principle of payment of a less sum in discharge of a greater, as contended for by appellant, has no application here, because the amount due was in good faith disputed: Rosenmuller v. Lampe, 89 Ill. 212; Stober v. Mitchell, 45 Ill. 213; Nichols v. Bradsby, 78 Ill. 44; Ætna Ins. Co. v. Stevens 48 Ill. 31; Curtiss v. Martin, 20 Ill. 557; 2 Greenl. Ev. 28.

McALLISTER, J. We are of opinion that upon the agreed statement of facts, the plaintiff was not entitled to recover rent of the defendant, upon the basis of seventy-five dollars per month. Such a right of recovery could, under the circum-

Galloway v. Kerby.

stances, arise only upon privity of contract; and mutual assent is the fundamental principle of all contracts. That this principle applies in the cases of alleged liability on the part of tenants to pay increased rent, in accordance with the terms of such a notice, given by the landlord to the tenant, as that of April 12th, 1880, in this case, has been assumed in every well considered case in which the question has been presented and decided. In such cases, assent on the part of the tenant to the landlord's proposal for increased rent, has been regarded as indispensable to the creation of privity of contract. But the continuing in occupation by the tenant without objection or reply after such a notice has been received, is held to be tantamount to an express assent. Roberts v. Hayward, 3 C. & P. 432. In this case such a notice had been given by the landlord, and the tenant continued in without making any reply. The court, Best, Ch. J., said: " His silence on the subject is tantamount to his saying, 'I will continue in on the terms of your proposal.'"

So in Despard v. Walbridge, 15 N. Y. 374. A notice similar to that in the case at bar was given just before the expiration of the tenant's term, and the latter continued to hold, without making any reply to it. The court, by Selden, J., said: " Here was a direct proposition from the owner of the reversion to the tenant in possession, for a renewal of his lease, and this proposition is met by a continued occupation, without other reply. This, I think, laid the foundation for an implied contract. It was in law a virtual assent to the terms proposed in the notice." In Higgins v. Haligan, 46 Ill. 173, the court, by Breese, Ch. J., after stating the fact of the notice said: " and he not objecting thereto, but continued in the possession, no argument or authority is needed to show the extent of his liability, under such circumstances. The inference is irresistible that he was content to hold at the increased rent, and his assent thereto will be implied."

In Hunt v. Bailey, 39 Missouri, 257, the court cited the case of Despard v. Walbridge, 15 N. Y. *supra*, with approval, and said: " If the tenant manifests his dissent from the terms proposed for increased rent, then no privity of contract will

be created for the increased rent, and if he holds over, it will be considered on the terms of the lease by which he originally gained possession. In such case, the remedy of the landlord would be ousting the tenant from the possession under the statute, if he objected to a continuance of the occupation according to the terms of the lease." It was also laid down as a rule in that case, that if the tenant objected to the terms increasing the rent, and did not intend to pay accordingly, it was his duty to manifest his dissent within a reasonable time. These views seem to us to be based upon sound principles.

It is, however, insisted on the part of the appellant, that the case of Griffin v. Knisely, 75 Ill. 411, holds to a different doctrine. It may be conceded that some of the language employed by the learned judge who prepared the opinion in that case, if considered independently of the facts of the case, might be regarded as in conflict with the foregoing cases. The facts of that case were materially different from those in the case at bar. *There*, although the tenant did object before the giving of the notice to entering into a contract for the entire dock, a part of which he had been occupying, at the rate of rent per front foot which the landlord proposed to charge for it; yet, after the attempt by the landlord to have the tenant take such a lease, had failed, the notice was given; and to that the tenant made no reply, but continued in occupation of the part he had occupied the previous year. Under the facts the case was precisely within the doctrine of all the cases above cited; and what the opinion says in regard to the inoperative effect of the tenant's objections, has reference solely to objections made before the notice was given. The decision was placed upon the principle of the case of Higgins v. Halligan, 46 Ill. 173, to which we have above referred.

In the case at bar the landlord, in his first notice of March 10, 1880, as to the increased rent, stated that he presumed the tenant would not wish to keep the premises at that rate. April 12th, however, he gives the tenant another notice to the same effect, as to the increase of the rent, to which proposal the defendant on the very next day notified plaintiff of his dissent. Then in a conversation between them, April 27, 1880,

the defendant again expressed his dissent in the clearest terms. The case shows beyond doubt that at this last date the plaintiff knew that the defendant would not accede to his proposal of $75 per month as rent. Then what did the plaintiff do? Why, early the next morning he came and nailed a board upon the house, with a notice on it that the premises were for rent. He so advertised them. Upon this, the defendant then, on the 28th of April, submitted to plaintiff a proposition of his own by letter, which plaintiff then received, that he would pay an advance of 20 per cent. if plaintiff would make certain specified repairs. The plaintiff forebore making any reply to this proposition, and defendant held over after the first of May, and May 8 addressed the plaintiff again on the subject of that proposition, requesting him to say whether he was going to make the repairs, and if not, to give him reasonable notice to leave. To this plaintiff, May 11, replied by saying that he had ordered roofers to repair the roof, but that defendant was bound for rent at $75 per month; and that if he did not pay it for the current month, by the end of the week, he should proceed to collect it. Defendant replied the next day, denying plaintiff's assertion that he was bound for $75 per month, as claimed.

The facts of the agreed case, in our opinion, repel the inference of any assent on the part of the defendant to the terms of said notices, at any time after they were given; they also repel any inference that either party intended that the holding should be upon the terms of the written lease, as respected rent. The case wholly fails to show anything upon the actual rental value of the premises, except that rents had advanced from ten to fifteen per cent., as appears by defendant's admissions. The plaintiff was at liberty, at any time before his proposal to rent at $75 per month had ripened into a contract by defendant's assent thereto, to withdraw the same. Payne v. Cave, 3 Term, R. 148; Routledge v. Grant, 4 Bing. 653.

We are of opinion that the act of the plaintiff, in nailing upon the house, the board with the notice on it, as above stated, immediately upon the heels of defendant's refusal, on the 27th April, to accede to his proposal, was evidence tend-

ing to show that he had withdrawn such proposal, and that he intended, by such act, at such a time, that defendant should so understand it.

The defendant admitted to plaintiff, by his letters, that there had been an advance in rents of from ten to fifteen per cent. The defendant had paid upon his use and occupation, only $198. The plaintiff being, in our view of the case, entitled to recover for use and occupation, upon the basis of the actual rental value, we fix that value at fifteen per cent. upon the rate provided in the lease for the previous year. Upon that basis, we think there was justly due the plaintiff below the sum of nine dollars and fifty cents. That being the case, the judgment of the court below will be reversed, and judgment entered in this court in favor of appellant and against appellee for that sum.

Reversed. .