## ATKINSON v. COLE.

LANDLORD AND TENANT — LIABILITY OF TENANT — HOLDING OVER —
    INCREASE OF RENT.— In case of a tenancy from month to month,
    the landlord cannot, by notice to vacate, fix the tenant's liability, if
    he holds over, for a greater rent than under the old lease, and with-
    out regard to the value of the use, unless the tenant expressly or
    impliedly assents to the increase.

### *Error to Arapahoe County Court.*

ACTION by landlord to recover $100 rent from tenant for
the use of certain premises for the month of September,
A. D. 1887, and also for possession of the demised premises.
For some time prior to said month of September, Atkinson,
plaintiff in error, had occupied the premises under a verbal
agreement with defendant in error, Cole, to pay him as rent
for the same $25 per month, payable at the end of each
month.   Atkinson claimed that this agreement was for the
period of one year, which time had not yet expired, while
Cole denies this, and alleges that the tenancy was only from
month to month.   In the month of August, 1887, Cole caused
the following notice to be served upon Atkinson: " Denver,
Colo., October 3, 1887.   Mr. Alex. G. Atkinson: You are
hereby required to pay me $100 due as rent for the prem-
ises now occupied by you as my tenant, and known and
described as follows, viz., lots 25, 26, 27 and 28, in block 2,
Snyder's subdivision, Denver, Colo., in three days after the
day of service upon you of this notice, or, in case of your
failure to pay said rent, to deliver up to me said premises
within said time.   In case of your failure to comply with
the terms of this notice, I shall proceed to oust you by pro-
cess of law.   Respectfully, G. W. COLE, Landlord."

To which notice Atkinson replied as follows: " Denver,
Colo., August 23, 1887.   George W. Cole — Dear Sir: Your
notice of this date to vacate premises by September 1st,
known as lots 25, 26, 27 and 28, block 2, Snyder's subdi-
vision to Denver, or you would raise my rent to $100 per

month. My contract with you was, I was to have the premises for one year from the time I sold to you, March 1st, at the rate of $25 per month, payable at the expiration of each month, and you have received the same as near that date as I could see you and give you check. I am prepared to live up to my agreement, and expect you to do the same if you count your word any good. Yours, etc., A. G. ATKINSON."

The court below found that the tenancy was from month to month only, and rendered judgment for plaintiff for possession, and for $100 rent for one month.

Mr. J. P. BROCKWAY, for plaintiff in error.

Messrs. PERRY & CARPENTER, for defendant in error.

MR. JUSTICE HAYT delivered the opinion of the court.

The conclusion of the trial court that Atkinson's tenancy was from month to month only is amply supported by the evidence, and cannot be disturbed in this court. The case, therefore, presents but a single question for our consideration, viz., can a landlord, against his tenant's objection, arbitrarily fix by notice the amount of rent which the latter must pay when holding over after the expiration of the term of such tenant's lease? The trial court decided the landlord had such right. Its conclusion was probably founded to some extent upon the opinion of the case of *Hurd v. Whitsett*, 4 Colo. 77,— a case decided under a statute which has since been repealed.

This statute provided that, if any person held over after notice to quit, and in violation of his lease, he would by such conduct become chargeable with certain additional liabilities. It also declared that the notice shall operate to create and establish, "as a part of the lease or agreement, the terms and conditions specified in said notice." The repeal of this statute is indicative of an intention on the part of the legislature to change the rule therein provided for,

whereby a landlord was permitted arbitrarily to fix the liability of a tenant holding over after notice. But, aside from any inference that is to be drawn from this repeal, upon principle and authority, it is now clearly established that, where the right to terminate the tenancy is in the landlord, and an increase of rent is demanded, the tenant will not be liable for such increase, unless it is shown that he expressly or impliedly assented to the same.

A tenant thus holding over is regarded merely as a tenant at will, and only liable for an increase of rent when the value of the use and occupation of the premises is shown to exceed the rate fixed by the lease. *Galloway v. Kerby*, 9 Ill. App. 501; *Meaher v. Pomeroy*, 49 Ala. 146; *Gallagher v. Himelberger*, 57 Ind. 63.

Applying the foregoing rule to this case, and it follows that, although the trial court found that the tenancy was only from month to month, and subject to termination by the landlord accordingly, this will not permit the landlord to fix the tenant's liability for rent at a greater price than under the previous lease against said tenant's protest, and without reference to the value of the use, as has been attempted in this case.

The rule announced by the county court, and contended for here by counsel for defendant in error, is not only contrary to the general current of authority, but is so unreasonable and unjust that it ought not to be followed. Its unfairness is well illustrated in this case. The evidence shows that the rent had been fixed by the parties at $25 per month; that a *bona fide* dispute had arisen between them as to the length of the term, and, although upon the evidence it has been decided that the tenancy was only from month to month, and subject to termination by the landlord accordingly, to allow him to fix the tenant's liability for rent, against such tenant's protest, would be subjecting the latter to a demand entirely disproportionate to anything warranted by his conduct. Had Atkinson remained silent after receiving notice of the attempted in-

crease of rent, then a promise on his part to pay the same might have been implied. He did not do this; however, but promptly communicated his protest against any such change. An examination of the cases cited to support the conclusion of the trial court shows that in nearly every instance the tenant's consent to the terms was properly implied from his conduct or language. Under this principle it was held in *Dickson v. Moffatt*, 5 Colo. 114, that consent would be implied against one going into possession, after ascertaining the amount of rent demanded, although he at the time expressed his dissent therefrom. But this case can have no application under the facts here presented.

The judgment of the county court will be set aside and a new trial ordered.

*Reversed.*