## HARRY SCHICKEDANTZ v. F. W. RINCKER.

### FILED DECEMBER 20, 1905. No. 14,033.

1. **Landlord and Tenant: PAROL LEASE.** A parol agreement between a landlord and a tenant, whose term was about to expire, that the tenant should remain in possession for four months longer, followed by the tenant retaining possession after his first term had ended and the four months' term begun, even though the amount of rent to be paid was not agreed upon, is a valid lease for four months, and the law implies an agreement to pay a reasonable rent for the use and occupation of the premises.

2. **Parol Lease: ANNULMENT.** A notice served by the landlord after the making of such agreement notifying the tenant that, if he held over his first term, he would be taken as occupying for another year at an increased rent, *held* inoperative to set aside such parol lease.

ERROR to the district court for Howard county: JOHN R. HANNA, JUDGE. *Reversed.*

*F. J. Taylor* and *A. A. Kendall*, for plaintiff in error.

*T. T. Bell, contra.*

LETTON, C.

This was an action to recover rent. The petition alleges, in substance, that the defendant prior to January 1, 1903, was in possession of a brick building as a tenant under lease with the then owner, which lease by its terms expired on January 1, 1903. On the 22d day of December, 1902, the plaintiff served the following notice upon defendant:

"NOTICE.

"To *Harry Schickedantz, St. Paul, Nebraska.*

"The undersigned, F. W. Rincker, hereby notifies you that he owns lot number 2, in block 83, St. Paul, Nebraska, except the east 8 feet of the south 36 feet thereof, now occupied by you and used by you as a tenant; that

he cannot lease said property to you after your lease expires, to wit, January 1, 1903, for less than $900 for the basement and first floor per annum, and that in case you remain in possession of said property, or any part thereof, after the expiration of your present lease, to wit, January 1, 1903, the undersigned will consider the said property as taken by you for the term of one year, to wit, from January 1, 1903, to January 1, 1904, at the rent of $900 per annum for the basement and first floor, payable $75 per month in advance, on the first day of each and every month during said year, without demand.

"Dated this 22d day of December, 1902.

"F. W. RINCKER,
"By T. T. BELL,
"His Attorney."

The defendant did not vacate the premises on January 1, and refused to pay $75 on that date as rent for the month of January. On January 12, 1903, the plaintiff began this action for $75 as rent for the month of January. The defendant filed an answer, admitting the expiration of his lease on January 1, 1903, the serving of the notice, and his failure to vacate or to pay rent. He pleads that under the lease he was to pay for the whole of the brick building $23 a month, payable in advance, $17 of which was for the lower story, and $6 a month for the upper story; that the building is in poor repair, and together with the lot upon which it stands is reasonably worth $2,000, and no more; that the reasonable rental value of the building is $23; that on the 18th day of December, 1902, defendant advised the plaintiff that he intended building, and that he would vacate the property about the 1st of May, 1903, and move into his own building, and would pay plaintiff $23 a month in advance for rent, as before; that plaintiff consented that he might occupy the premises for four months, but desired him to pay a greater monthly rental, no particular amount being agreed upon, and defendant objecting to pay more than the regular rent; that thereafter the plaintiff served a notice, de-

manding $75 a month for a full year for the use of the lower story only; that this amount is exorbitant, unjust and oppressive; that defendant's stock of goods consisted of farm machinery, buggies, carriages, farm implements, seeds and grains in bulk, and to move said stock out of the building would have required another building, or to have placed the same in the street, subject to the elements; that defendant had no place or building to move to, and his failure to remove was not intended as an acceptance of plaintiff's demand; that on the 1st of January, 1903, he tendered plaintiff the sum of $23 as rent for the month of January, which plaintiff refused. A demurrer to this answer was sustained by the district court, and, defendant electing to stand upon his demurrer, judgment was rendered against him for $75, as rent for the month of January, 1903, from which judgment defendant prosecutes error.

Defendant complains of the striking out of a portion of the answer, which set forth that he had purchased certain lots; that he intended to build upon them in the early spring and to then move from the plaintiff's building, and that on the 30th day of November, 1902, he so advised T. T. Bell, attorney for plaintiff. We see no error in this ruling. The facts, even if proved, would be immaterial.

The main question is whether the answer sets up a defense. The defendant's term ended on January 1, 1903. He alleges that prior to this time the plaintiff agreed with him orally that he might remain in possession until May, 1903, but that no definite agreement was made as to rent. It is elementary that, if the defendant had continued, after the expiration of his lease, to hold possession of the premises, the landlord had his election either to give him notice to quit and eject him, or to treat him as a tenant for another year, under the terms and conditions of the original lease. *Montgomery v. Willis,* 45 Neb. 434; *Bradley v. Slater,* 50 Neb. 682. Since the landlord continued to recognize the defendant's tenancy, in the absence of a new contract or agreement between the parties, the law pre-

sumes a continuation of the original tenancy, and the amount of rent recoverable would be $23 a month, as specified in the original lease. The plaintiff, however, relies upon the doctrine that, where a tenant under a lease from year to year is notified by his landlord before the expiration of his term that, if he occupies the premises thereafter, he must pay a certain increase in the rent, and the tenant, without making any objection or protest as to the amount of rent demanded, continues to occupy the premises after the expiration of his term, such occupation will be construed as an acceptance of the conditions imposed by the landlord, and the premises will be held upon the terms specified in the notice; citing *Despard v. Walbridge,* 15 N. Y. 374; *Higgins v. Halligan,* 46 Ill. 173; *Prickett v. Ritter,* 16 Ill. 96; *McKinney v. Peck,* 28 Ill. 174; *Griffin v. Knisely,* 75 Ill. 411; *Reitham v. Brandenburg,* 7 Colo. 480, 4 Pac. 788. There is no doubt that this rule has been adopted by numerous courts in this country. See 18 Am. & Eng. Ency. Law (2d ed.), note 3, p. 308. In our view of the allegations of the answer, however, it is unnecessary at this time for us to say whether or not this rule should be adopted in this state. It may in many cases operate with harshness and injustice, and as is pointed out in *Atkinson v. Cole,* 16 Colo. 83, 26 Pac. 815, in some cases rests upon statutory provisions.

The answer is unskillfully drawn and contains much matter which is utterly immaterial. It seems, however, to set forth matter of defense. If, as alleged, prior to the service of the notice the plaintiff and the defendant had agreed that the defendant should remain in possession until the 1st of May, even though no definite agreement as to the amount of rent.that should be paid had been entered into, yet the law would imply a promise upon the part of the tenant to pay a reasonable rent, and this parol agreement would constitute a defense to the action, so far as the right to recover more than a reasonable rent for the use and occupation of the premises. *Skinner v. Skinner,* 38 Neb. 756. Rent is not essential to a valid lease of land.

*Folden v. State,* 13 Neb. 328. A parol agreement that a person may occupy as a tenant and pay rent to an amount not fixed at that time, if followed by possession, is an executed contract, and the mere service of a notice, such as served by the plaintiff, would not set aside the former agreement. An oral contract of lease for the term of four months, beginning January 1, 1903, is set forth in the answer, and the tenant is in possession claiming to hold thereunder. This agreement was entered into prior to the service of the notice relied upon as constituting the basis of an implied contract by the defendant to pay $75 a month, and, if proved, is a proper and sufficient defense to the action for rent under the implied contract alleged.

For these reasons, we think the demurrer should have been overruled, and recommend that the judgment of the district court be reversed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons given in the foregoing opinion, it is ordered that the judgment of the district court be

REVERSED.