### Charles W. Lasher, Receiver, v. John Heist.

#### Gen. No. 12,307.

1. TENANT—*when hold over by, not at an increased rental.* A tenant is not charged with an increased rental by holding over after the expiration of his lease, if prior to such expiration he is notified of an increase in rent, where he expressly dissents from such increase; he can only be held at the old rental or dispossessed, at the option of the landlord.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed April 10, 1906.

WADE GARFIELD, for appellant.

H. F., F. A. & H. F. PENNINGTON, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Appellant commenced an action before a justice of the peace for rent of certain premises in the city of Chicago for the months of August and September, 1903. On appeal

Lasher v. Heist.

to the Circuit Court the cause was tried before the court and a jury. At the conclusion of all the testimony the court instructed the jury to find the issues for the defendant, and entered judgment on the verdict.

The action of the court in directing a verdict for the defendant is assigned for error.

The evidence in the record shows that appellee, prior to May 1, 1903, held possession of the premises under a written lease which provided for a rental of $50 per month. The lease also provided that appellee should have the option of extending the lease for one year at the same rental upon notifying appellant of his election to extend it on or before March 1, 1903. Appellee did not give appellant notice of his election to extend the lease until April 3, 1903. Appellant, on April 24, 1903, notified appellee that the rent for the following year would be $80 per month. Appellee remained in possession of the premises until the latter part of May, 1903, and then moved out.

On the 2nd or 3rd of May, 1903, appellant sent his son to appellee with a bill for rent for the month of May amounting to $80. Appellee informed the son of appellant that there was no agreement for $80 per month rent; that his men were on a strike and that he would give him the usual check for $50 and as soon as the strike was settled he would take the matter up with appellant and would arrange in regard to the lease. This was agreed to and a check for $50 was given by appellee, and appellant's receipt for that amount on account of rent was delivered to appellee.

On May 23, 1903, appellant served a written notice on appellee to the effect that appellant had elected to hold him as a tenant for another year commencing May 1, 1903, at $80 per month. This was referred to appellee's attorney to see appellant and arrange for a lease; and appellee with his attorney called upon appellant's attorney, in whose hands the matter had been placed, and informed him that $80 per month was out of the question, but if appellant would name any reasonable amount for the rent he would

pay it. Thereupon appellant's attorney said to appellee, "Let it rest a few days, and if you want to stay there next year we can come to some arrangement without any trouble." Thereupon further negotiations were had, but resulted in no agreement, and appellee vacated the premises.

Appellant bases his right to recover upon the following propositions of law:

First. Where a tenant holds over after the expiration of his term, he will be bound for another term for the same length of time at the same rental, if the landlord elects so to hold him.

Second. The intention of the tenant holding over is immaterial. The law fixes the tenant's liability for holding over independently of his intentions.

Third. A holding over by the tenant with notice from the landlord that new conditions will be required is an acceptance of those conditions.

Counsel for appellee does not dispute these general propositions, but questions their application to the facts of the case. It is contended on behalf of appellee that by remaining in possession of the premises after May 1, 1903, appellee, under the facts in this case, did not accept appellant's proposition to lease the premises to him for another year at $80 per month. And further, if appellant had a right of election, he waived it by accepting $50 on the May rent and agreeing to an extension of time for the settlement of the matters of difference between the parties.

The evidence shows, we think, that the defendant, appellee, on April 25, 1903, claimed the right of an extension under the provision of the lease at $50 per month, and again on May 1st or 2nd, when he paid $50 on the May rent. This was the matter in controversy between appellant and appellee concerning which the negotiations were had in May and an extension of time for the settlement of which was agreed upon. It clearly appears from the evidence that appellee refused to assent to the proposition of appellant for a renewal of the lease at $80 per month. Under this state of facts the law does not presume that be-

cause the tenant held over, he consented to a renewal of the lease upon the terms proposed by the landlord. As said in Calloway v. Kerby, 9 Ill. App. 501, quoting from Hunt v. Bailey, 39 Missouri, 257: "If the tenant manifests his dissent from the terms proposed for increased rent, then no privity of contract will be created for the increased rent, and if he holds over it will be considered on the terms of the lease by which he originally gained possession. In such case the remedy of the landlord would be ousting the tenant from the possession under the statute, if he objected to a continuance of the occupation according to the terms of the lease."

Appellee not only claimed the right to renew under the terms of his lease, but stated to appellant that the increased rent of $80 was out of the question. True, this specific refusal to pay $80 per month was in May after the lease had expired, but it was in accord with his claim made prior to the expiration of the lease, after receiving notice that $80 would be demanded, that he had a right under the provision of the lease to renew at $50 per month. The attitude and conduct of appellee from the receiving of the notice on April 24, 1903, that the rent for the following year would be $80 per month, was a dissent from the proposition. The law never implies a promise against the express declaration of a party sought to be charged. Meaher v. Pomeroy, 49 Ala. 146; Gallagher v. Himelberger et al., 57 Ind. 63.

The suit being based upon an implied contract, which we hold did not exist, the plaintiff, appellant, failed to show a cause of action, and the court below ruled correctly in instructing the jury to find the issues for the defendant.

The judgment is affirmed.

*Affirmed.*