Mary C. McGrath, Plaintiff in Error, v. Harry J. Snell et al., Defendants in Error.

### Gen. No. 15,860.

MEASURE OF DAMAGES—*in action where tenants hold over without authority.* If a tenant is notified before the expiration of his lease that if he desires to continue in possession he will be required to pay an advance rent and notwithstanding his explicit refusal to agree to pay such advance rent, continues in possession, he is liable in an action to recover for the holdover only for the fair rental value of the premises during the period of his possession after the expiration of his lease.

Action in debt. Error to the Municipal Court of Chicago; the Hon.

HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 3, 1911.

P. F. MURRAY, for plaintiff in error.

JOHN A. McKEOWN, for defendants in error.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

Plaintiff in error brought an action on an appeal bond given by defendants in error in the matter of a judgment in forcible entry and detainer against defendant in error Snell. Upon the trial of this cause in the court below, it was admitted that Mrs. McGrath and Snell had executed a written lease for the premises in question, expiring April 30, 1906, and that Snell continued in the possession of the premises for about twelve months thereafter; that a forcible entry and detainer suit was brought against him, in which he was adjudged guilty, and from which judgment he appealed to the Circuit Court, and gave bond with defendant in error, Edwards, as surety; that Snell was defeated in the Circuit Court to which he had appealed, and this suit was then brought upon his appeal bond.

The sole controversy in this suit is as to the amount due under the bond. Plaintiff in error contends that the basis of recovery should be rent at the rate of $37.50 per month, while the court, taking the defendant's view, instructed the jury that it should assess the damages at a sum equal to the fair and reasonable value of the premises. The verdict reached by the jury represented damages at the rate of $27 per month (the rate theretofore paid under the lease between Mrs. McGrath and Snell), plus $3 costs.

We are asked to reverse the judgment substantially upon the ground that the court was wrong in its instructions to the jury as to the measure of damages, and also in admitting evidence as to the fair rental value of the premises during the period.

It appears that Snell was notified by a representative of plaintiff in error in April, 1906, that, if he wished to occupy the premises after the expiration of the lease on the 30th of that month, his rent would be $37.50 per month (instead of $27 per month theretofore paid under the lease), to which Snell replied, "I'll not pay it," whereupon he was told that then plaintiff in error would wish possession of the property at the expiration of the lease. As early as the 3rd of May following, plaintiff in error began her suit in forcible detainer, and, as appears by the appeal bond sued on in this case, recovered a judgment in her favor on the 8th of May, 1906.

From this judgment, Snell filed an appeal to the Circuit Court, and gave bond with defendant in error, Edwards, as surety, conditioned that Snell should "pay all rent now due and that may become due, before the final determination of said suit," and "all damages and losses which the plaintiff may sustain by reason of the withholding of the possession of the premises," etc., and costs.

Counsel for plaintiff in error in his brief contends that: "Where a landlord notified a tenant that, if he holds over he must pay an advanced rate, and the tenant remains in possession of the premises, he will be held to have assented to the payment of such advanced rate." Clinton Wire Cloth Co. v. Gardner, 99 Ill. 151; Griffin v. Knisely, 75 Ill. 412. Neither of these references seems to us controlling in this case. This is not an action brought against the tenant only, but is based upon the bond which required that Snell should pay "all damages and losses, which plaintiff in error might sustain by reason of the withholding of the possession of the premises." What were the damages and losses sustained? Clearly, the fair rental value of the property during the period, and the costs. In the cases cited above, the defendants were treated as tenants, and paid rent as such. Here, plaintiff in error proceeded at once, after the expiration of the written lease, to dispossess Snell and procured a judgment against him in forcible detainer within eight days after the old lease expired. To hold Snell liable, as asked

here, would be to hold him as a tenant at the new rate of $37.50 per month, notwithstanding his flat refusal to continue as a tenant at that rate, and notwithstanding, also, the fact that, almost immediately after the expiration of the old lease, plaintiff in error elected to sue in forcible detainer upon the express ground that there was no contract of tenancy. To sustain the contention that Snell was liable at $37.50 per month, the court must hold that, by his remaining in the premises, there was established a contract relationship between his landlord and himself, merely because his landlord had notified him what he would require, by way of rent, in the event of a continuation of the tenancy, and this notwithstanding the fact that he expressly and positively dissented from the terms proposed. It takes two to make a contract. There might be circumstances where the acts of the party might be held to constitute an acceptance of the proposition, but certainly not in a case like this, where he expressly refused to be a party to the proposed contract. "The law never implies a promise against the express declaration of the party sought to be charged." Lasher v. Heist, 126 Ill. App. 82.

The law is clearly laid down in Shunick v. Thompson, 25 Ill. App. 619, where, in discussing the measure of damages upon a bond similar to the one sued on in this case, the court says:

"Appellee was wrongfully kept out of the possession of the premises during the pendency of the appeal, and no good reason is perceived why the value of the use and occupation of the reasonable rental value during such pendency is not the correct measure of damages.

"The covenant of the condition is, to pay all damages and loss sustained by reason of the withholding; and that which he was deprived of was the use and occupation of the land, and clearly that which would compensate him and make him whole is the value of that of which he is deprived."

For the reasons given, the judgment of the court below is right, and it will be affirmed.

*Affirmed.*