17 AND 19 EAST 95TH STREET, INC., Plaintiff, *v.* HAROLD
BERNSTEIN, Defendant.

(Municipal Court of the City of New York, Borough of Man-
hattan, Ninth District, February, 1921.)

Landlord and tenant — when action for use and occupation main-
tainable — lease — election — Laws of 1920, chap. 944, §§ 5, 6.

Where premises in the city of New York were leased for
dwelling purposes for one year ending September 30, 1920, an
action to recover the reasonable value of the use and occupation
of the premises for the months of October and November, 1920,
during all of which time the defendant was in possession, is
an election on the part of the plaintiff to regard the defendant
as a tenant and not as a trespasser, and such election is con-
clusive upon both parties.

Under the provisions of sections 5 and 6 of chapter 944 of
the Laws of 1920, by which the legislature intended to confer
upon the owner of residence property, such as here, a right of
action to secure a fair and reasonable rent, an action to recover
for use and occupation is maintainable and the plaintiff is not
necessarily limited to a recovery of the same rent as was
reserved in the lease, which has expired.

MOTION by defendant for judgment on the pleadings.

Scott, Gerard & Bowers (Victor House, of counsel),
for plaintiff.

Solon B. Lilienstern, for defendant.

LAUER, J.    This is a motion made by the defendant
for judgment on the pleadings and on certain stipula-
tions in regard to the facts agreed to by the parties.
It appears that this action is brought by the plaintiff
as owner of the building 17–19 East Ninety-fifth street
to recover the value of the use and occupation of an
apartment therein occupied by the defendant.    The

Municipal Court of New York, February, 1921.    [Vol. 114.

defendant is in possession of the premises holding
over after the expiration of a term stated in a lease
dated April 18, 1919, made by the plaintiff's grantor,
the estate of W. H. Langley.   The term of the lease
was for one year commencing October 1, 1919, and
ending September 30, 1920.   The rental stated in the
lease was the annual sum of $720, payable in equal
monthly installments of $60.   The action was brought
to recover the sum of $266.67 for the period from
October 1, 1920, to November 30, 1920, during all of
which time the defendant was in possession.   Accord-
ing to the stipulation the defendant tendered to the
plaintiff the sum of $60 in the month of October, 1920,
and $60 in the month of November, 1920, the same
rent stated according to the terms of the lease which
expired September 30, 1920.   The plaintiff refused to
accept these tenders, claiming them to be insufficient,
and the defendant has deposited the sum of $120 in
court to keep good his tender before suit.

The defendant claims that by reason of the com-
mencement of the present action for use and occupa-
tion he is recognized by the landlord as a hold-over
tenant and therefore the terms of the original lease
under which the defendant held up to September 30,
1920, wherein he was to pay the monthly rental of
sixty dollars, is renewed for a further period of a
year upon the same terms and that his plea of tender
before suit, kept good by the payment of the tender
into court, constitutes a complete defense entitling
him to judgment.

Both parties agree that prior to the enactment of
the so-called housing laws of 1920, the proposition of
law was well established that where a tenant held over
under a written lease for a year or longer the land-
lord had his election of two, and only two, alterna-
tives: *first,* either to regard the tenant holding over

as a trespasser, or, *secondly,* to regard him as a tenant for another year under the same terms and conditions as those stated in the lease just expired. *Stern & Co.* v. *Avedon & Co., Inc.,* 111 Misc. Rep. 372; *Stevens* v. *City of New York,* 111 App. Div. 562; *Kennedy* v. *City of New York,* 196 N. Y. 19, 23; *Haynes* v. *Aldrich,* 133 id. 287; *Schuyler* v. *Smith,* 51 id. 308.

It may be that a tenant holding over after notice by the landlord of his intention to increase the rent will be regarded as a lessee for another year under the increased rent (*Stern & Co.* v. *Avedon & Co., Inc., supra; Despard* v. *Walbridge,* 15 N. Y. 374, 375) but this state of facts would be regarded as the making of a new contract rather than that of holding over. *Stern & Co.* v. *Avedon & Co., Inc., supra.* That is, the foundation for an implied contract would have been laid and that would be in law a virtual assent by the tenant to the terms prescribed in the notice of the landlord. *Despard* v. *Walbridge, supra.*

The question of whether a landlord serving a proper notice can impose liability upon a hold-over for a greater rental than that reserved in the lease, the term of which had expired, where the tenant dissents from the increase mentioned in the landlord's notice, although referred to in counsel's brief, is not directly involved in the present case. This seems to be the effect of the dictum of the justice who decided the case of *Machson* v. *Katz,* N. Y. L. J., Jan. 11, 1921. It may be observed that the authority for the annunciation of that rule is the case of *Lasher* v. *Heist,* 126 Ill. App. 82. A reference to that case indicates that it is based upon the law as laid down in the earlier case of *Hunt* v. *Bailey,* 39 Mo. 257, in which the following is stated as the principle: "If the tenant manifests his dissent from the terms proposed for increased rent, then no privity of contract

will be created for the increased rent; and if he holds over, it will be considered on the terms of the lease by which he originally gained possession. In such case, the remedy of the landlord would be ousting the tenant from the possession, under the statute, if he objected to a continuance of the occupation according to the terms and conditions of the lease.''

Of course, under the present statute in such a case as the present one, the landlord would not be entitled to oust the tenant from the possession, and this alternative remedy referred to does not presently exist in such a case as this.

Referring to this case of *Hunt* v. *Bailey,* the court in the case of *Moore* v. *Harter,* 67 Ohio St. 250, at page 254, says: '' The better opinion and current of authority seem to be the other way,'' citing *Roberts* v. *Hayward,* 3 Car. & P. 432; *Brinkley* v. *Walcott,* 10 Heisk. (Tenn.) 22; *Reithman* v. *Brandenburg,* 7 Colo. 480; *Griffin* v. *Kinsley,* 75 Ill. 411. It was further said in the opinion in the case of *Moore* v. *Harter, supra:* '' The tenant's dissent from the terms proposed by the landlord amounts to nothing unless the latter accepts it, because the presumption is that one holding over, after notice from the landlord that a change of terms would be required, is presumed to do so on the terms proposed by the landlord. Otherwise he would put himself in the wrong and would be liable to be treated as a trespasser.''

The defendant contends, and in this respect I think his contention is well founded, that the commencement of an action to recover for use and occupation is an election on the part of the landlord to regard the tenant as a tenant and not as a trespasser. *Conrow* v. *Little,* 115 N. Y. 394; *Stevens* v. *City of New York, supra.* This election having been made it must be regarded that the tenant has been accepted as such

and that election is conclusive upon both parties. "Neither can then claim that the tenant is a trespasser." *Stern & Co.* v. *Avedon & Co., Inc., supra.*

There is no material dispute between the parties up to this point. The plaintiff, however, claims that the present action for use and occupation is one which is maintainable under the provisions of chapter 944 of the Laws of 1920 and that that statute impliedly if not expressly justifies a landlord in maintaining an action against a tenant to recover the reasonable rental value of premises occupied by a tenant during the time the tenant is holding over.

Prior to the enactment of the so-called housing laws of 1920 a landlord could oust a tenant who held over after the expiration of the term of his lease either by an action in ejectment or by summary proceedings of dispossession. The remedy of a summary proceeding to remove a tenant from premises used for dwelling purposes in the city of New York is temporarily, until November, 1922, taken away from the landlord. Laws of 1920, chaps. 942, 947. One of the so-called housing laws also deprives a landlord of his right to recover double rental value in damages from a hold-over tenant under section 230 of the Real Property Law (Laws of 1920, chap. 138). As part of the housing laws a landlord is deprived of his right to maintain an action for ejectment. Laws of 1920, chap. 947. The Appellate Division of the Supreme Court of this department in the recent case of *Guttag* v. *Shatzkin*, 194 App. Div. 509, has declared this later statute as violative of the State Constitution.

In the light of these statutes what did the legislature intend should be the remedy of the landlord to recover proper and adequate rental from a tenant

remaining in possession after the expiration of his term? Did the legislature intend that chapter 944 of the Laws of 1920 should supply this almost essential relief to a landlord, after depriving him of the control of his property so far as the ouster of a tenant in possession?

Chapter 944 provides, as did the earlier statute of the same year (Laws of 1920, chap. 136), that it shall be a defense to an action for rent that the rent reserved is unjust and unreasonable and that the agreement under which the same is sought to be recovered is oppressive. In that same statute it was provided (chap. 944, § 4), which also was contained in chapter 136 of the Laws of 1920, '' that nothing herein contained shall prevent the plaintiff from pleading and proving in such action a fair and reasonable rent for the premises and recovering judgment therefor, *or from instituting a separate action for the recovery thereof.''* In other words, the landlord could, when suing for rent under an agreement, even though the defense of unjust and unreasonable rental which the statute permits to be set up, be sustained, nevertheless recover the '' fair and reasonable rent '' in that action or he may secure this '' fair and reasonable rent '' by '' instituting a separate action for the recovery thereof.'' This section, according to the view that I entertain, furnishes sufficient justification for the maintenance of the present action. That this construction is a proper one is verified by reference to subsequent provisions of the same statute.

By section 5 of the same statute it is provided that (italics mine) '' If in an action against the occupant of the premises for rent *or for the renewal value of the use and occupation thereof,* plaintiff recovers judgment by default, the judgment shall contain a provision,'' etc., and section 6 provides (italics mine)

" If in any action for rent *or rental value* the issue of fairness and reasonableness of the amount demanded in the complaint be raised by the defendant, he must at the time of answering deposit," etc.  It seems to me that by these provisions which I have quoted from chapter 944 of the Laws of 1920 the legislature clearly intended to give a landlord the right to maintain an action to recover a fair and reasonable rent or rental value of premises from the tenant even though that tenant was holding over under a lease the term of which had expired, and that the landlord is not necessarily limited to a recovery of the same rent as was reserved in the lease the term of which had expired.

The case of *Machson* v. *Katz,* recently decided by my associate Judge Robitzek (N. Y. L. J., Jan. 11, 1921) is not an authority covering the present issue before me.  That was a decision in a case where it was sought to secure the reasonable rental value of premises from a monthly tenant where it was held that proper notice to terminate the original monthly tenancy had not been given.  The question considered by me in the present case does not appear to me to have been decided in that case.

If the contention of the defendant were correct practically the only remedy of an owner of dwelling property against a hold-over tenant in such a case as this would be to accept him as a tenant for another year under the old lease regardless of the adequacy or inadequacy under changing conditions of the rental therein stipulated.  I am of the opinion that this was not the intention of the legislature but on the contrary that by the provisions of chapter 944 of the Laws of 1920 before referred to it was intended to confer upon the owner of residence property such as this the right of action to secure a fair and reasonable rent or rental value.

Supreme Court, March, 1921. [Vol. 114.

From the expression of these views it follows that the defendant's motion for judgment must be denied.

Under the stipulation entered into by counsel since the submission of this motion it is agreed that in the event of the denial of the defendant's motion judgment should be awarded for the plaintiff in the sum of $200. I give judgment in that amount in accordance with that stipulation.

Judgment for plaintiff.